PATTERSON v. UNITED STATES.

No. 13537.

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1951.

632

John D. Cofer and G. Hume Cofer, Austin, Tex., for appellant.

Wm. H. Russell, Jr. and Joel W. Westbrook, Asst. U. S. Attys., Charles F. Herring, U. S. Atty., and Bradford F. Miller, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

When appellant was here before,[1] we reserved judgment on the error assigned there, and reassigned here, that his written confession was obtained in violation of Rule 5(a) Rules of Criminal Procedure, 18 U.S.C.A., and was therefore, inadmissible.

Pointing to the absence of testimony as to the availability of a committing magistrate and holding that, the prosecution having made a *prima facie* case showing that the confession was voluntary, the defendant carried the burden of proving that Rule 5(a) was violated, we reversed for errors in the charge and for the reasons stated, and remanded the cause for further and not inconsistent proceedings.

Upon retrial the confession was again admitted in evidence, after evidence touching its obtaining had been fully taken, and the jury again found the confession voluntary and again convicted defendant on both counts of the indictment.

Appealing from the judgment on the verdict, he is here, again seeking a reversal because of the admission of the confession and on other grounds.[2]

Placing his main reliance on the admission of the confession, appellant devotes the greater part of his brief to it. Planting himself firmly on the McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L. Ed. 819, and Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100, cases, as his first line of defense, he takes great comfort as a supporting line in Carignan v. United States, 9 Cir., 185 F. 2d 954.

The United States insists that appellant was not, within the meaning of Rule 5(a), under arrest when his statement was taken by the officer, and, therefore, the rule was without application. It further urges that if it does apply, the confession was still admissible, both because there was no "unnecessary delay in taking appellant before a magistrate" and because if there was, the rule attaches no penalty or consequences to the mere failure to conform to it and the confession, being completely voluntary, was clearly admissible. Citing as contrary to the Carignan case from the Ninth Circuit the later case from that circuit of Haines v. United States, 188 F.2d 546, it insists that the Carignan case, decided by a divided court, is not a correct statement of the law.

1. Patterson v. United States, 5 Cir., 183 F.2d 687.

2. One is that the verdict should have been instructed for him on defendant's motion because there was no evidence corroborative of the confession. The others are directed to claimed errors in the giving and refusing of charges.

We need not undertake to determine whether appellant, when he made his confession, was under "arrest" in the sense in which that term is used in criminal law and in the rule, "the apprehension or detention of the person of another in order that he may be forthcoming to answer an alleged or supposed crime".[3]  For we are of the clear opinion that the admission of the confession was not error, both because there was, in fact, no violation of the Rule, and because if there was, the violation, under the facts, did not invalidate or otherwise affect the admissibility of the confession.  Cf. United States v. Carignan, 72 S.Ct. 97, in which the opinion of the majority at once makes clear the meaning and effect, and precisely limits the extension, of the McNabb rule.

We are also of the opinion that none of the other grounds of error are substantial, and, without laboring the reasons for our view, will content ourselves with merely stating that we are.

The claim, that the confession stands uncorroborated, is we think completely refuted by the record.  As to the claimed errors in the charge, we are convinced that, except perhaps from the strained and hypercritical point of view once obtaining in the review of criminal cases but now no longer possible in the federal courts,[4] the action of the trial court, in giving and refusing charges, was unexceptionable.  We are convinced, too, from a consideration of the charge as a whole, rather than from a view alone of isolated portions of it, that appellant was afforded a fair trial with full opportunity to defend himself, including the opportunity of presenting and urging his defenses.

No reversible error appearing, the judgment is

Affirmed.

3. Am.Jur., Vol. 4, "Arrest" Sec. 4, p. 7; American Law Restatement, Torts 112.

4. 28 U.S.C.A. old section 391; New section 2111.  Cf. Criminal Rule 52(a), 18 U.S.C.A.