## UNITED STATES v. HYMOWITZ.

### No. 193, Docket 22260.

United States Court of Appeals
Second Circuit.

Argued March 3, 1952.

Decided May 5, 1952.

Myles J. Lane, U. S. Atty. for the Southern District of New York, New York City, (Thomas F. Burchill, Jr., and Norman S. Beier, Asst. U. S. Attys., New York City, of counsel), for United States.

Michael P. Direnzo, New York City, (Mordecai M. Merker, New York City, of counsel), for defendant-appellant.

Before L. HAND, AUGUSTUS N. HAND and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellant was tried by the court, a trial by jury having lawfully been waived, upon an indictment containing nineteen counts. The odd numbered counts, with the exception of number nineteen, each charged a sale of approximately one ounce of morphine sulphate in violation of § 2554(a) of Title 26 U.S.C.A. Each of the even numbered counts and count nineteen charged the appellant with having obtained, in violation of § 2554(g) of Title 26 U.S.C.A., approximately one ounce of morphine sulphate, "by means of a suitable order form prepared by the Secretary of

the Treasury of the purpose of obtaining opium and derivatives or preparations thereof, for a purpose other than the use, sale, or distribution thereof in the conduct of a lawful business in said drug or in the legitimate practice of the profession of pharmacy." [1] Each odd numbered count charged the sale of an ounce of the drug on the same day the following even numbered count charged it was unlawfully obtained but as to count nineteen there was no such pairing of counts.

The odd numbered counts from one to seventeen inclusive were dismissed for failure to prove sales at the time alleged. The appellant was convicted on all of the even numbered counts and on count nineteen and sentenced to imprisonment on each, the sentences to run concurrently.

The record shows that the appellant was a registered pharmacist who, with a partner, owned and operated a drug store in New York City. It was not disputed that he had obtained morphine sulphate as charged in the even numbered counts and in count nineteen and the only disputed issue of fact as to those counts was whether he so obtained that drug for an illegal purpose. The court, upon ample competent evidence, found that he did obtain it for such a purpose.

Reversal of the judgment is sought upon two grounds: (1) that it was error to convict upon any even numbered count and (2) that the admission of a written statement obtained from the appellant after he was arrested was erroneous.

We find no error in either respect. The argument in support of the first point is, in substance, that § 2554 implements § 2550 of Title 26 U.S.C.A. which levies a tax upon the sale of certain drugs, of which morphine sulphate is one, and that without proving that the morphine sulphate which the appellant obtained was sold by him in violation of § 2554 (a) the government could not show, as a matter of law,

that he violated § 2554 (g) when he obtained it by means of the order forms. It is not entirely clear what his legal theory is. He points out that in United States v. Doremus, 249 U.S. 86, 39 S.Ct. 214, 63 L.Ed. 493, and Nigro v. United States, 276 U.S. 332, 48 S.Ct. 388, 72 L.Ed. 600, where the forerunner of § 2554 was held constitutional, actual sales of narcotics were alleged and proved and, perhaps, his position is that, without such proof, the constitutionality of subdivision (g) would not have been upheld. If so, we cannot accept it as sound. While these cases did concern sales of narcotics subject to the tax, the rationale of the decisions was not so limited. In Nigro v. United States, supra, 276 U.S. at page 351, 48 S.Ct. at page 394, 72 L.Ed. 600, the Court said:

"* * * In (United States v. Doremus) the validity of the Anti-Narcotic Drug Act as it was enacted December 17, 1914, 38 Stat. 785 [26 U.S.C.A. § 2554], was under examination by this Court. The inquiry was whether section 2, in making sales of the drugs unlawful except to persons giving orders on forms issued by the Commissioner of Internal Revenue, to be preserved for official inspection, and forbidding any person to obtain the drugs by means of such order forms for any other purpose than use, sale or distribution in the conduct of a lawful business, or in the legitimate practice of his profession, bore a reasonable relation to the enforcement of the tax provided by section 1 and did not exceed the power of Congress. It was held that section 2 aimed to confine sales to registered dealers and to those dispensing the drugs as physicians and to those who come to dealers with legitimate prescriptions of physicians; that Congress, with full power over the subject, inserted these provisions in an act specifically providing

1. The statute reads:
"§ 2554. Order forms
* * * * * *
"(g) Unlawful use. It shall be unlawful for any person to obtain by means of said order forms any of the aforesaid

drugs for any purpose other than the use, sale, or distribution thereof by him in the conduct of a lawful business in said drugs or in the legitimate practice of his profession."

for the raising of revenue. Considered of themselves, the Court thought that they tended to keep the traffic above-board and subject to inspection by those authorized to collect the revenue; that they tended to diminish the opportunity of unauthorized persons to obtain the drugs and sell them clandestinely without paying the tax imposed by the federal law. * * * "

In view of this broad basis upon which what is now § 2554 was sustained, and that the proscriptions in subdivision (g) of § 2554 are also reasonably adapted to enforcement of the tax imposed by § 2550, we hold it valid. Its effect is to forestall the acquisition of the drugs by persons who will sell them without the prescribed order forms or their equivalent and thus interfere with the tax inspection scheme which the keeping of such records was designed to facilitate.[2] Viewed in this light, any suggestion the appellant has made as to the unconstitutionality of subdivision (g) is without substance.

Also without substance is any suggestion that conviction on the counts based upon subdivision (g) cannot stand without conviction on the counts which were based upon subdivision (a). The charges contained in these two classifications were offenses separate and distinct from each other. Wesson v. United States, 8 Cir., 164 F.2d 50, 53. It was enough, to prove guilt under the (g) counts, to show that the appellant obtained morphine sulphate by means of the order forms with the intent to use, sell or distribute it otherwise than "in the conduct of a lawful business in said drugs or in the legitimate practice of his profession" without also proving that he actually succeeded in carrying out his purpose. The intent with which one acts has been so often made the test of crim-

inality in this field that there is no reason for elaborating upon it. Direct Sales Co. v. United States, 319 U.S. 703, 63 S.Ct. 1265, 87 L.Ed. 1674; United States v. Lindenfeld, 2 Cir., 142 F.2d 829, certiorari denied 323 U.S. 761, 65 S.Ct. 89, 89 L.Ed. 609.

Nor does the fact that the judge did not consider the proof adequate to show beyond a reasonable doubt that the appellant had made the sales at the times alleged in the odd numbered counts, leave the proof of his unlawful intent in procuring the morphine sulphate inadequate. There was ample proof to show that in fact he had made unlawful sales of the drug so procured which gave substantial evidential basis for finding that he intended when he obtained it so to sell it. That was sufficient on the question of his intent in the procurement regardless of the sufficiency of the proof to convict him of the separate offenses by means of sales as charged in the counts on which he was acquitted. Cf. Loewenthal v. United States, 6 Cir., 274 F. 563, certiorari denied 257 U.S. 644, 42 S.Ct. 54, 66 L.Ed. 413.

The second contention made by the appellant is that the admission into evidence of a written statement, in the nature of a confession, was in violation of Rule 5(a) Fed. Rules Cr.Proc. 18 U.S.C.A., and reversible error under McNabb v. United States, 318 U.S. 332. See also Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100. However, we do not think that the facts in any way support this contention. The appellant was lawfully arrested at his home by a narcotics agent at about eight o'clock in the morning and, when he was searched after the arrest, records pertaining to the drug which should have been on file in his store were found on his person. He was immediately asked questions by the

---

2. In this connection § 2554(c) (2) is relevant. It excepts from the requirement of subdivision (a) of § 2554, that sales be made only in pursuance of a written order on a form issued for that purpose by the Secretary of the Treasury, sales: " * * * by a dealer to a consumer under and in pursuance of a written prescription issued by a physician, dentist, or

veterinary surgeon registered under § 3221: * * * *And provided further*, That such dealer shall preserve such prescription for a period of two years from the day on which such prescription is filed in such a way as to be readily accessible to inspection by the officers, agents, employees, and officials mentioned in § 2556."

agent to which he responded willingly and it is not now claimed that his answers were not voluntary. Indeed, he had an attorney present during part of the questioning which took a little more than an hour and a half. He was then taken to the office of the Bureau of Narcotics where he repeated substantially what he had told the agent at his home so that it could be embodied in a written statement which he signed after making some minor corrections. All of this occurred before noon and before he was arraigned. What is decisive is whether there was an illegal detention before the confession was made and the period of from three to four hours which was spent in obtaining a voluntary statement from him after his arrest was not that and, therefore, the confession was admissible. United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140; Patterson v. United States, 5 Cir., 192 F.2d 631. Indeed, we have discussed this subject at considerable length so recently in United States v. Leviton, 2 Cir., 193 F.2d 848, that no more now seems required to show that the appellant's claim of illegal detention is without merit.

Judgment affirmed.