## DUNCAN v. UNITED STATES.

### No. 13916.

United States Court of Appeals
Fifth Circuit.
June 24, 1952.

936

Pierre Howard, Atlanta, Ga., for appellant.

H. A. Stephens, Jr., Asst. U. S. Atty., J. Ellis Mundy, U. S. Atty., Herbert Ringel, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HOLMES, BORAH, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

Appellant was convicted on two indictments, one charging him with causing poisonous drugs to be delivered through the mails, in violation of Section 1716, Title 18 U.S.Code; the other with possessing and concealing heroin hydrochloride, a derivative of opium, in violation of Section 174, Title 21 U.S.C.A., and with purchasing a certain quantity of heroin hydrochloride not in the original stamped package, in violation of Section 2553(a), Title 26 of said code. After judgment and sentence, appellant filed a motion for a new trial, which was overruled by the court below. This appeal is from the final judgment entered on the verdict.

On June 30, 1951, a package postmarked New York and containing heroin hydrochloride was delivered by the postman to the addressee, Mrs. Isadora McWilliams, the appellant's mother-in-law. Upon receipt of the package, Mrs. McWilliams and an agent of the Federal Narcotics Bureau opened the package, re-wrapped it, and placed it on a radio in the front room of her house. Two agents of the Bureau remained on the premises, and arrested appellant when he arrived there with his wife. He first denied ownership of the package, but later admitted that it belonged to him after his wife had requested him not to let her mother take the blame for it. Appellant was then taken to the office of the Narcotics Bureau, where he signed a statement confessing that he had purchased the package and that it belonged to him. Appellant's wife, who had accompanied him to the office, suffered a fainting attack or nervous convulsion while in an adjoining room during the taking of the statement.

At appellant's trial a long distance telephone toll ticket, dated three days prior to the receipt of the package, was introduced in evidence over the objection of his attorney. This ticket showed that a telephone call had been made from the Belmont Exchange in Atlanta to New York City to one Isabella by a person who had given his name to the operator as John Duncan. Mrs. Folds whose telephone is in the Belmont Exchange, testified that the appellant had paid her long-distance telephone bills for the month in question, which consisted of three calls, one of which was to New York. The appellant, in contradiction of this, testified that he had made a call from that telephone number, but that it was to some other party. This was an implied admission that he had used that telephone to talk to New York, and it was a question for the jury as to what the real fact was with reference to this item.

During cross-examination of appellant by the prosecuting attorney, the latter held in his hand a memorandum of appellant's criminal record, and questioned appellant with regard to the same. In answer to a question as to this record, the appellant stated: "You know it better than I do, Mr. Tysinger, will you please read it?" Whereupon, the prosecuting attorney proceeded to question appellant with regard to several convictions, and subsequently asked him if he had ever been sentenced for robbery, to which appellant answered in the negative. Appellant's attorney objected to the question on the ground that the memorandum said nothing about such a conviction and that the implication was improper and prejudicial. The court inspected the memorandum, which revealed the following: "October 23, 1945. INV. robbery," followed by "January 14, 1946, eighteen months," and immediately under that, "February 7, 1946, ACQ." The court explained to the jury that appellant had not been convicted of robbery, but stated that the prosecuting attorney was justified in reading as he had if, in good faith, he had read the first line without noticing the abbreviation "ACQ," which meant acquittal. Appellant's attorney made a motion for a mistrial, which was overruled.

Appellant specified as error (1) the admission in evidence of the incriminating admissions and the written confession, (2) the admission in evidence of the telephone toll ticket, and (3) the conduct of the prosecuting attorney in questioning appellant about his criminal record. Considering first the second specification, which appellant contends was inadmissible because there was insufficient evidence to connect the telephone call with the charges against him, we think there was no reversible error in view of all the circumstances in evidence, and the following instruction of the court:

"The Government contends that a few days prior to the receipt of this package through the mail a telephone call was put through a certain telephone to New York, and the Government seeks to prove by circumstantial evidence that the defendant was the one who did telephone to New York, requesting that this package be sent to him. All of those facts and circumstances, gentlemen, you will consider, and you will apply to them the rules of circumstantial evidence as to which I have charged you."

Section 1732, Title 28 U.S.Code, provides that any record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, etc., if made in the regular course of any business. We think that the toll ticket in question comes within the provisions of said statute, and that it was admissible as circumstantial evidence. We likewise think the court below adequately explained to the jury the circumstances surrounding the prosecuting attorney's remarks about defendant's criminal convictions. The court explained that a mistake had been made, and that the defendant had never been convicted of robbery. In its instructions to the jury the trial judge explained that proof of other crimes and convictions was admitted in evidence solely for the purpose of impeaching the testimony of the defendant, and further explained the law with regard to impeachment of witnesses. See Matthews v. U. S., 5 Cir., 145 F.2d 823.

Appellant contends that the incriminating admissions made by him immediately following his arrest were inadmissible in evidence because he was coerced into making them by his wife's plea that he not let her mother take the blame, and, due to her age and condition of health, he feared it would cause the death of Mrs. McWilliams if such a charge was made against her. He claims that the written confession was inadmissible (1) because it was a result of the original coercion, which had not ceased to exert its influence over him, (2) because it was signed at a time when he was upset over seeing his wife in a nervous convulsion, and, therefore, that it was not his free and independent act, and (3) because he was not taken before a committing magistrate as soon as was reasonably possible.

Upon consideration of the question as to whether appellant was taken before a commissioner within a reasonable time, as provided by Rule 5(a) of Federal Rules of Criminal Procedure, 18 U.S.Code, we think there was no unreasonable delay between the time that he was arrested and the time that he signed the confession. The arrest was made on Saturday afternoon at approximately two o'clock, when the commissioner's office was closed. The confession was signed around four p.m., and there was no evidence tending to show that the signing of said confession was induced by the delay. See U. S. v. Carignan, 342 U.S. 36, 72 S.Ct. 97; Haines v. U. S., 9 Cir., 188 F.2d 546, certiorari denied 342 U.S. 888, 72 S.Ct. 172; Patterson v. U. S., 5 Cir., 192 F.2d 631; U. S. v. Leviton, 2 Cir., 193 F.2d 848, 853, certiorari denied 72 S.Ct. 860.

As to the other grounds upon which appellant bases his claim of inadmissibility of the incriminating admissions and written confession, we think the court was correct in admitting same in evidence with proper instructions, which were as follows:

"There is evidence in this case going to show that the accused, shortly after the incident referred to by the testimony in this case, that is the receipt of this package through the mail, did freely and voluntarily, the Government contends, make such statement, both

orally and in writing, tending to show his guilt in the case. Any statement, freely and voluntarily made confessing his guilt by an accused is known as a confession. Any statement made which has not sufficiently shown commission of the offense, but which tends to prove one, or tends, along with other facts and circumstances, to show guilt, are referred to as incriminatory admissions. I charge you that before any statement, either a confession or incriminatory admission, shall be considered by the jury, it must appear that such statements were freely and voluntarily made by the defendant, without the slightest hope of benefit or the remotest fear of injury.

"It is, in the first instance, the duty is upon the court to say whether the circumstances of such an alleged confession or admission shall be submitted to the jury for their consideration. The court in this case is submitting to you the statements made by the defendant, the oral statement and the alleged written statement which the Government contends the defendant made at the time and place in question. However, the court is submitting such statements to you with these instructions: that unless they were freely and voluntarily made, as I have outlined to you, they would not be considered by you as evidence of guilt upon the part of the defendant. If they were not freely and voluntarily made, they would not be considered. If they were freely and voluntarily made, they would be considered by you as circumstances going to illustrate the guilt of the accused. Of course, to convict, you would have to go further and infer that such statements made by him were also true.

"The defendant contends that said statements were not made voluntarily by him. He has stated that his wife, when he, the defendant, was approached by these officers for a statement, in effect was asking defendant if he, the de-

fendant, intended to implicate her mother, and that influenced the defendant in making these statements.

"The defendant further contends that in regard to the written statement made that the officers of the Government, that his wife was in serious condition and very sick, and that he made these statements there under those circumstances, not freely and voluntarily, and that the alleged confession there given was not true, did not recite the facts which were true. He denies the truth of same. All of these questions, gentlemen, are for you to determine.

"As a general rule a confession or incriminatory admission is to be received with care, and scanned with caution. I charge you in connection with these alleged statements of the defendant, that you apply to them carefully the rules of law which the court has given you in charge."

We think this charge was fair and liberal to the defendant. We find no reversible error in the charge or in any of appellant's other specifications of error. Accordingly, the judgment appealed from should be affirmed, and it is so ordered.

Affirmed.

RIVES, Circuit Judge (specially concurring).

The record showing that a telephone call had been made from the home of Mrs. Folds, appellant's sister-in-law to a party named Isabella in New York by a person who gave his name to the operator as John Duncan, when neither the called party nor the calling party was otherwise identified, seems to me to have been wholly irrelevant to the guilt or innocence of the defendant, and I think that the defendant's objection to the admission of that telephone toll ticket in evidence should have been sustained.[1] When all is said and done, however, I am left under the firm conviction that this toll ticket had but very slight, if any, effect in influencing the jury, and hence that the verdict and judgment should

---

1. To be admissible the record of a transaction must not only come within the stat- ute, 28 U.S.C.A. § 1732, but must also be relevant to the issue on trial.

stand. Rule 52(a), Federal Rules of Criminal Procedure; Kotteakos v. United States, 328 U.S. 750, 751, 764, 66 S.Ct. 1239, 90 L. Ed. 1557. I concur in the opinion in other respects and in the judgment of affirmance.