## UNITED STATES v. McCARTHY.

United States District Court
S. D. New York.

Sept. 9, 1952.

Myles J. Lane, New York City, for plaintiff.

Frank Roth, New York City, for defendant.

EDELSTEIN, District Judge.

The defendant has moved for an order suppressing a statement taken from the defendant, prior to arraignment, or in the alternative for an order directing that the statement is inadmissible evidence upon trial, on the ground that it was taken in violation of Rule 5(a), Fed.Rules Cr.Proc., Title 18 U.S.Code, as defined in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819.

The defendant was requested by telephone to appear at the office of the Federal Bureau of Investigation, and he voluntarily appeared at 9:00 A.M. the next day. It appears that he was told by a special agent that he was not under arrest and was advised of his constitutional rights. Within a short time, perhaps twenty minutes, the defendant made certain oral admissions. Within an hour his statement had been transcribed and presented to the defendant for signature. An addition to the statement was made within another hour, in the office of an Assistant United States Attorney. Shortly thereafter, the case was assigned to another Assistant United States Attorney, who took a question and answer statement from the defendant, after advising him of his constitutional rights. He was arraigned before a Commissioner at 12:30 P. M., approximately three and a half hours after he appeared at the F.B.I. office.

It does not, in the first place, appear that the defendant was actually being detained when he made his confession. But in any event, his confession was made before any illegal detention occurred. Cf., United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140; Upshaw v. United States, 335 U.S. 410, 413, 69 S.Ct. 170, 93 L.Ed. 100. If there was any delay in arraignment, it was a reasonable one "induced by the voluntary act of the accused in freeing himself of the burden of guilt." United States v. Leviton, 2 Cir., 193 F.2d 848, 855. "What is decisive is whether there was an illegal detention before the confession was made and the period of from three to four hours which was spent in obtaining a voluntary statement from him after his arrest was not that and, therefore, the confession was admissible." United States v. Hymowitz, 2 Cir., 196 F.2d 819, 822.

Accordingly, the motion will be denied.