Melvin **JOSEPH**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 16229.

United States Court of Appeals Fifth Circuit.

Jan. 4, 1957.

Thomas M. Ryan, M. A. Lehmann, Houston, Tex., for appellant.

James E. Ross, Asst. U. S. Atty., Malcolm R. Wilkey, U. S. Atty., Houston, Tex:, for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

The appellant was convicted on one count of theft of mail matters in violation of Title 18, § 1708, United States Code, and on one count each of forging upon a United States Treasurer's check the name of the true payee and uttering and publishing the forged signature as true, in violation of Title 18, § 495, United States Code.

The government's case was principally predicated on a written statement signed by the appellant which he contended below and contends here was taken from him under circumstances which invalidated it for the reason that the requirements of Rule 5(a)[1] of the Federal Rules of Criminal Procedure were not observed, and such "confession" was a product of the unlawful procedure, and for the further reason that he was induced by threats or he was cajoled into making it by promises of reward.

Here, in addition to his complaint that he was convicted upon a confession which was involuntary and invalid, appellant complains that the proof was insufficient to support the conviction in that (1) there was no proof of the essential element that the person whose name was alleged to be forged had not given any one any authorization to sign her name, and (2) the proof of the alleged theft of the United States Treasury check and the forging, taken with or without the confession, was insufficient.

Developing his argument under three general heads,[2] appellant complains: (1) that the confession was involuntary

---

1. "Rule 5. Proceedings before the Commissioner.

"(a) Appearance before the Commissioner. An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States. When a person arrested without a warrant is brought before a commissioner or other officer, a complaint shall be filed forthwith." 18 U.S.C.A.

2. (1) The application of the so-called McNabb Doctrine required the trial court to exclude the confession introduced in this case which was virtually the only proof that the government offered in its behalf to connect the defendant with the offense for which he was tried;

(2) That there was nothing in the record which shows that any check was forged or passed without the authorization of its payee;

(3) That there is insufficient proof that appellant abstracted anything from the authorized depository for mail at 2615 Tuam Avenue, Houston, Texas.

and invalid, and therefore erroneously admitted; (2) that there is no proof of the essential element in proof of forgery, that the person whose name was alleged to have been forged had given no one authority to sign her name; and (3) that proof of the alleged theft from the mails, as well as proof of the forging and publishing, was insufficient.

In support of his first point, appellant points to the undisputed testimony: that approximately five days before Thursday, March 10, 1955, when he was arrested without a warrant by City of Houston police officers, the Postal Inspector's Office had made verbal request of the police that they pick him up for questioning by the Postal Inspectors; that on the afternoon of Friday, March 11th, he was delivered by the Houston Police Department to the Postal Inspectors for questioning, and about forty-five minutes after he arrived at the office some time between 2:00 and 2:30 p. m., they had concluded their questioning and had begun typing the statement which he later signed; and that at 3 p. m. of the same day complaint was filed before the United States Commissioner.

So pointing, he insists that the statement was taken in violation of Rule 5, Federal Rules of Criminal Procedure and of the principles declared and applied in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, Brown v. United States, 5 Cir., 228 F.2d 286, and Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100.

In addition, appellant calls our attention to his own testimony that the confession was induced by force or threats or by various promises of release and recommendation for lenient treatment.

Upon his second and third contentions, appellant, pointing to the entire lack of testimony, on the part of the owner of the check or of any one for her, that she had not authorized the signing of her name and to what he claims is absence of corroboration of the statements in his confession as to the theft of the letter and of the forging, uttering, and publishing of the check, insists that if it be held that the confession was admissible, the evidence as a whole was not sufficient to support the verdict.

The United States in its turn points, to the evidence of its witnesses categorically denying appellant's testimony that he had been induced to make the statement by threats or promises or cajolery of any kind and as categorically affirming that, on the contrary, he had made it freely and voluntarily, and to the judge's finding rejecting defendant's testimony and accepting the government's testimony. Insisting, therefore, that appellant's sole reliance must be a claim that, under Rule 5 and the McNabb rule, the mere fact that a confession is taken before a defendant has been brought before the commissioner renders it invalid, the United States urges upon us that, whatever, but for United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140, and United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 100, 96 L.Ed. 48, might have been thought to be the law, it is now established that "the McNabb rule was not intended as a penalty or sanction for violation of R.S.D.C., § 397, a commitment statute." and that "The same conclusion applies to Rule 5, Federal Rules of Criminal Procedure." United States v. Carignan, supra, 342 U.S. at page 42, 72 S.Ct. at page 100.

To appellant's second and third positions, the government replies that the claim that the failure of the record to show a categorical statement by the payee, that she had not given plaintiff authority to purloin the letter in which her check came and to forge her name to the check, is wholly without merit, indeed frivolous in the light of the testimony of the payee and the other circumstances in the case, which establish overwhelmingly that her signature was forged.

Of the final point, that the confession is not sufficiently corroborated by other evidence to support the verdict, the government declares that all the facts and circumstances are not only consistent with the confession of guilt and over-

whelmingly support it, but are wholly inconsistent with any other theory.

■ For the reasons hereafter briefly stated, we agree with these views. If the McNabb case had not been followed by the Mitchell case and the Upshaw case by the Carignan case, if, in short, as appellant in his brief and argument seems to think, McNabb and Upshaw stood alone, there might be some basis for his claim that the short detention before the confession was made was "illegal". In view, however, of the fact that all of the cases must be reconciled, we think it may be, indeed has been, stated with authority that, as contended by the United States, the fact that a confession was obtained before the defendant was taken before the commissioner is not determinative of its admissibility. A confession, in short, is not made involuntary and inadmissible by the fact alone that it was obtained before the defendant was taken before the commissioner. It must be shown, and the burden is on the defendant to show it, that the failure promptly to carry a prisoner before a committing magistrate, constituted unnecessary and, therefore, unlawful detention for the illegal purpose and with the illegal result of inducing the confession.

In Patterson v. United States, 5 Cir., 192 F.2d 631, this court, citing Haines v. United States, 9 Cir., 188 F.2d 546, so held, and no criticism of, or departure from, this holding by the Supreme Court or by any of the United States Courts of Appeals has been called to our attention. Cf. Duncan v. United States, 5 Cir., 197 F.2d 935, and the cases cited in it. Our decisions in White v. United States, 5 Cir., 200 F.2d 509, and Brown v. United States, 5 Cir., 228 F.2d 286, 287, are in no manner to the contrary.

■ As to the other contentions, we think that, while it certainly would have been a wiser course to elicit from the payee by precise questioning the fact that she did not authorize the defendant or any one else to sign her name as payee, it is mere quibbling, on this record, including the confession of the de-fendant and the testimony of the prosecuting witness, that when she did not receive her monthly allotment check in regular course, she made a trip from El Paso, Texas, to Houston, Texas, to inquire into the matter, to claim that it was not established beyond any reasonable doubt that she did not give the defendant or any one else the authority to sign her name.

■ The same considerations dispose easily of the third contention, that the evidence of the theft and the uttering was not fully corroborative of the confession. Indeed, while the appellant does have a specification of error that the evidence adduced at the trial of this case is insufficient to sustain a conviction, no serious contention is made that, if the confession was admissible, the evidence is not sufficiently corroborative of it to support the conviction. The confession is detailed and substantial. The circumstances as a whole dovetail into it completely.

No error appearing, the judgment is affirmed.