UNITED STATES of America,
Appellee,

v.

Rudolph NETSKI, Appellant.

No. 71-1479.

United States Court of Appeals,
Ninth Circuit.

Aug. 3, 1971.

Certiorari Denied Nov. 9, 1971.
See 92 S.Ct. 274.

---

1. See Henderson et al. v. Sterrett et al., 447 F.2d 981 (5th Cir. 1970).

Raymond E. Sutton, Las Vegas, Nev., for appellant.

Bart M. Schoweiler, U. S. Atty., Las Vegas, Nev., Karen L. Atkinson, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before DUNIWAY, HUFSTEDLER, and WRIGHT, Circuit Judges.

PER CURIAM:

Netski appeals from his conviction for violating 26 U.S.C. § 4705(g) (ordering narcotic drugs with unlawful intent.[1] He makes three contentions: (1) The evidence was insufficient to sustain his conviction; (2) the district court erred in rejecting his requested jury instruction; and (3) section 4705(g) is unconstitutional.

 Netski, a licensed pharmacist, owned a drug store. He ordered very large quantities of narcotic drugs, using official order forms. When an agent made a compliance inspection of Netski's drug records, over 10,500 tablets of narcotic drugs could not be accounted for either by inventory or by prescription records. About a month after the audit, Netski surrendered 500 dilaudid tablets and 1000 morphine tablets to the agent,

1. The pertinent code section provides:

26 U.S.C. § 4705 "(a) General requirement.—It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate.

"* * * *.

"(g) Unlawful use.—It shall be unlawful for any person to obtain by means of said order forms narcotic drugs for any purpose other than the use, sale, or distribution thereof by him in the conduct of a lawful business in said drugs or in the legitimate practice of his profession."

**746**

explaining that he had found them in the store. He placed orders for substantial quantities of dilaudid and dolophine tablets before he had made any sales of those drugs. There was evidence from which the jury could have found that Netski falsified two pages in his records to create fictitious prescriptions in order to account for the missing drugs.

■ Netski argues that the evidence was insufficient to prove that at the time he ordered the drugs he intended to dispose of them other than in the conduct of his lawful business. The fact alone that a druggist has a large quantity of drugs unaccounted for does not prove the requisite intent. But the evidence in this case went far beyond the proof of a shortage. We think the jury was entitled to infer from the conduct outlined above that Netski harbored the requisite illegal intent when he ordered the drugs.

■ Next, he says that the court prevented him from presenting his theory of the case to the jury when it denied his request to instruct the jury that "The Government must prove beyond a reasonable doubt that the defendant, after obtaining narcotic drugs by a written order form, used the narcotic drugs for any purpose other than in his lawful business or in the legitimate practice of his pharmaceutical profession." The court properly rejected the instruction. Use of the drugs other than in the course of his lawful business is not an element of the offense created by 26 U. S.C. § 4705(g). (United States v. Hymowitz (2d Cir. 1952) 196 F.2d 819.)

■ Finally, Netski contends that section 4705(g) is void for vagueness. The statute defines the crime in easily comprehensible terms. Men of common intelligence are not required to guess at its meaning. The statute does not punish one for nonaction. It penalizes one who orders narcotic drugs with the intent to sell or otherwise dispose of them illegitimately.

The judgment is affirmed.