ROBERTSON, Justice:
The appellant, Robert Freeman, was convicted in the Circuit Court of Lauderdale *470 County of forgery. He was sentenced to a term of 10 years in the Penitentiary.
In the latter part of January, 1973, Kenneth Tatum received in his bank statement one of his personal checks in the amount of $134.00 which he had not written. The check had been filled in with “Webber Crawford” as payee and “Kenneth R. Tatum” as maker. Tatum immediately took the check to the police. The bank was notified and Tatum’s account was credited with the amount of the check.
Based on previously obtained samples of appellant’s handwriting, an F.B.I. expert on questioned documents, after carefully studying the samples and the check, was able to positively testify that the payee and handwritten amount of the check were written by the same person as the writer of the handwriting samples. Grimes, the handwriting expert, stated further that the person who provided the sample was probably the person who wrote the signature of Tatum on the check.
Webber Crawford, whose name appeared as the payee of the check, testified that he had never seen the check, but that he had been with appellant on Christmas Eve when he, appellant, and another man engaged in some heavy drinking. Because of excessive drinking, Crawford did not remember all that happened that night, but when he awoke the next morning in the Brandon jail, his ring, and his wallet containing his credit cards, were missing.
Appellant’s sole contention is that lack of authority to draw the check (an essential element of the crime of forgery) was not sufficiently proved by the State. This argument is based primarily on the fact that the record does not contain any direct testimony of Kenneth Tatum that he did not authorize appellant to sign his (Tatum’s) name to his personal checks.
Tatum should probably have been asked directly and specifically if he had authorized another to sign his checks, but even without that question, inferences drawn from his testimony lead to no other reasonable conclusion but that he had definitely not authorized anyone else to sign his name on his personal checks. Tatum’s testimony was that the last time he had seen the check it was blank and in a book of blank checks that he had put in his top bureau drawer on Christmas Day just before he left for Vicksburg. He testified positively and unequivocally that he had not written or signed the check, and that, upon receiving this check in his bank statement, he immediately took the check to the police. Furthermore, the fact that the Bank credited Tatum’s account with the amount of the check provided additional evidence that Tatum did not draw or sign the check, and that the bank was in error in cashing it and charging it to Tatum’s account.
In 37 C.J.S. Forgery § 102, at page 105, the general rule is stated in this way:
“Authority or the lack of authority to act for another with respect to an instrument may be sufficiently proved by direct or circumstantial evidence.”
In Joseph v. United States, 239 F.2d 524 (5th Cir. 1957) the appellant also questioned the sufficiency of the proof where lack of authority had not been directly shown. The facts in that case included a confession, but the Circuit Court’s response to the argument is nevertheless applicable here:
“[Wjhile it certainly would have been a wiser course to elicit from the payee by precise questioning the fact that she did not authorize the. defendant or any one else to sign her name as payee, it is mere quibbling, on this record, including the confession of the defendant and the testimony of the prosecuting witness, that when she did not receive her monthly allotment check in regular course, she made a trip from El Paso, Texas, to *471 Houston, Texas, to inquire into the matter, to claim that it was not established beyond any reasonable doubt that she did not give the defendant or anyone else the authority to sign her name.” 239 F.2d at 527 (Emphasis added).
We think that the circumstantial evidence in this case was certainly strong enough to make out a prima facie case for the State and that it was then up to the accused to go forward and to show that he was authorized. (37 C.J.S. Forgery § 80, page 90). This the accused failed to do.
The judgment of the Circuit Court is affirmed.
Affirmed.
RODGERS, P. J., and SMITH, SUGG and BROOM, JJ., concur.