## WAGNER v. UNITED STATES.
### No. 9164.
Circuit Court of Appeals, Fifth Circuit.
March 20, 1940.

Rehearing Denied April 19, 1940.

Writ of Certiorari Denied June 3, 1940.

See 60 S.Ct. 1104, 84 L.Ed. ——.

Wm. W. Flournoy, of De Funiak Springs, Fla., for appellant.

George Earl Hoffman, U. S. Atty., of Pensacola, Fla., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant was convicted on eight counts of an indictment, charging him with violations of Sections 338, 339, Title 18 U.S. C.A., using the United States Mails to defraud, in furtherance of a scheme to obtain money and property by means of false and fraudulent representations, pretenses and promises and under a fictitious or false or assumed name. Sentenced to three years upon each count, the sentences to run concurrently, he has appealed upon two grounds. One is that the indictment failed to charge an offense. The other is that he was convicted by the use, over his objection that it was not voluntary, of a confession made to a federal officer while appellant was in his custody.

With the first ground, that the indictment was insufficient, appellant concerns himself but little in the brief, and well he might, for, there is nothing of substance in it. Beyond any kind of question, the indictment sufficiently charges appellant with offenses against the laws of the United States, and is not subject to any of the objections urged against it.

His second point is the one in which appellant puts his trust and on which he really pitches his appeal. In support of it, he earnestly and seriously presses upon us, that within the federal rule, his confession was not voluntary, and therefore the conviction

which rests upon it may not stand. Planting himself on Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568, and particularly on some of the expressions in it, appellant insists that the evidence as to the circumstances of the giving of the confession taken as a whole, shows that it was not voluntary but obtained by compulsion.

■ It is the general rule that it is for the court to determine whether a confession objected to as not voluntarily given, is to be admitted in evidence. The District Judge following that rule, first, out of the presence of the jury, heard the testimony as to its giving and ruled it voluntary and admissible, and in addition, as he was permitted to do,[1] he submitted the question to the jury and the jury found it voluntary. Under these circumstances, appellant may not prevail here, by merely pointing to his own testimony supporting his claim that the confession was induced by promises. He must show that, taken as a whole, the evidence does not support the finding of judge and jury, and this he cannot do.

■■ For, testimony of the witnesses for the government, especially that of Yearsley and Miss Campbell, shows that within the strictest rule, the confession was voluntarily given. While sometimes differently stated, the principle of the rule requiring the exclusion of confessions, unless voluntary, is their testimonial untrustworthiness.[2] Therefore, no all-inclusive test, no precise rule of thumb, has been laid down for determining whether a confession is voluntary and admissible or involuntary and inadmissible. In each case it is for the judge, upon a consideration of all the evidence as to the giving of the confessions, to determine its admissibility.[3] The federal courts especially, make it clear that there is no precise rule. "In the federal courts, the requisite of voluntariness is not satisfied by establishing merely that the confession was not induced by a promise or a threat. A confession is voluntary in law if, and only if, it was, in fact, voluntarily made. A confession may have been given voluntarily, although it was made to police officers, while in custody, and in answer to an examination conducted by them.

But a confession obtained by compulsion must be excluded whatever may have been the character of the compulsion, and whether the compulsion was applied in a judicial proceeding or otherwise. Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L. Ed. 568." Ziang Sung Wan v. United States, 266 U.S. 1, 14, 45 S.Ct. 1, 3, 69 L.Ed. 131.

■ Appellant argues the case, as though the confession, to be voluntary, must have been spontaneous, that is, given without request or urging from the arresting officer. This will not do. Upon the testimony which the judge and jury thought credible and which seems credible to us, the confession in this case was voluntary within the most liberal application of the federal rule.

The judgment is affirmed.

---

[1] Wilson v. United States, 162 U.S. 613, 624, 16 S.Ct. 895, 40 L.Ed. 1090; Cf. Wharton's Criminal Evidence, Seventh Edition, Vol. 2, Section 602.

[2] Wigmore on Evidence, Second Edition, Vol. 2, p. 822; Wharton's Criminal Evidence, Seventh Edition, Vol. 2, Section 603; American Jurisprudence, Vol. 20, Section 483.

[3] Underhill's Criminal Evidence, Fourth Edition, Section 266.