## WORTHAM v. UNITED STATES.

### No. 11726.

Circuit Court of Appeals, Fifth Circuit.

Dec. 30, 1947.

Rehearing Denied Feb. 12, 1948.

Edwin H. Grace, of New Orleans, La., for appellant.

Robert Weinstein, and N. E. Simoneaux, Asst. U. S. Attys., both of New Orleans, La., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, a former Commander in the Navy who had seen active duty in both wars, and one Wilford Andrew Lacour, also at one time in the Navy but not an officer, were charged with and convicted of a conspiracy to defraud the United States. Lacour did not appeal.

Appellant is here specifying as the sole error on which he relies for reversal the admission in evidence, over the objection that they were not voluntary but obtained through coercion and compulsion, of appellant's signed confession and that of Lacour. As to appellant's own confession and as to that of Lacour, the district judge, on full evidence as to the giving of the confessions heard out of the presence of the jury, determined that they were not involuntary and inadmissible, but voluntary and admissible and they were received in evidence.

The written confession as to each of the defendants began with the declaration that he made the statement voluntarily, that no threats, or promises, or other inducements had been made, and that he had been informed that any statement he made might be used against him in any court of law. The evidence of those who obtained the confessions fully supports this opening statement, and neither Lacour, as to his, nor the appellants, as to his confession denied their truth.

Lacour, in answer to the question by the court if anything was said to him by any

of the officers that indicated that he had to answer the questions, said, "They didn't say anything". He did say, however, that being in the Navy and having been taken before Naval officers for an investigation, he thought he had to answer the questions and that he did not volunteer anything, they had to pump it from him by asking him a million and one questions, and that he didn't want to give the answers to the questions. He did say, too, but this was denied, that one of the F. B. I. men said, "The federal judge would take consideration on me if I made the statement", but he also said that if only the F. B. I. men had been there and the Naval officers had not, he wouldn't have answered the questions.

The appellant based his whole claim of involuntariness below, he bases it here, on the contention that having been ordered to come to New Orleans for the investigation and having been not told in words but in effect led by Captain Fly, his superior officer, to believe that he was there to answer some questions about his income tax and would be expected to answer them, the statement could not be considered voluntary but must be considered coerced.

■ It is the settled rule in the federal court that no all inclusive test, no precise rule of thumb has been, or can be, laid down for determining whether a confession is voluntary and admissible or involuntary and inadmissible. In each case it is for the trial·judge in the first instance upon a con-

sideration of all the evidence to determine the admissibility of the confession, with a full review of this determination in the appellate courts. Perhaps the nearest statement to a general rule is that set forth in Ziang Sung Wan v. United States, 266 U.S. 1, at page 14, 45 S.Ct. 1, at page 3, 69 L.Ed. 131.[1]

The United States, insisting that the evidence fully supports the finding of the district judge, that neither of the confessions was coerced, argues that since Lacour did not appeal, the question of whether his confession was voluntary is no longer in the case.

As to appellant, the United States, calling attention to his authority and position in the Navy and to the undisputed evidence as to the circumstances under which the confession was made, insists that to hold Wortham's confession involuntary and inadmissible is to run a good principle into the ground.

■ We agree. In Wagner v. United States, 5 Cir., 110 F.2d 595, certiorari denied 310 U.S. 643, 60 S.Ct. 1104, 84 L.Ed. 1411, we have pointed out the considerations which control the determination of cases of this kind. The cases appellant relies on[2] lay down no new or different rule. They were all fact cases determined on their facts in accordance with the general controlling principle. There is no substance in the assigned error. None of appellant's constitutional or legal rights were denied him. The judgment is affirmed.

---

[1] "In the federal courts, the requisite of voluntariness is not satisfied by establishing merely that the confession was not induced by a promise or a threat. A confession is voluntary in law if, and only if, it was, in fact, voluntarily made. A confession may have been given voluntarily, although it was made to police officers, while in custody, and in answer to an examination conducted by them. But a confession obtained by compulsion must be excluded whatever may have been the character of the compulsion, and whether the compulsion was applied in a judicial proceeding or otherwise. Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568."

[2] Anderson v. United States, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829; Bay v. United States, 8 Cir., 150 F.2d 236; Malinski v. New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716; United States v. Bayer, 2 Cir., 156 F.2d 964.