**PATTERSON v. UNITED STATES.**

No. 12895.

United States Court of Appeals
Fifth Circuit.

July 21, 1950.

John D. Cofer, Austin, Tex., for appellant.

Joel W. Westbrook, Asst. U. S. Atty., Henry W. Moursund, U. S. Atty., Wm. H. Russell, Jr., Asst. U. S. Atty. all of San Antonio, Tex., for appellee.

Before HOLMES, WALLER and BORAH, Circuit Judges.

BORAH, Circuit Judge.

Appellant was convicted on two counts of an indictment charging him with violation of Section 73, Title 18 U.S.C.A.[1] One of the counts charged that at a stated time and place he falsely made and forged the name of the payee upon a check drawn on the Treasurer of the United States for the purpose of obtaining and receiving from the United States the sum of sixty-five dollars. The other count charged that he uttered and published the check as true, then knowing the same to be forged, with the intent to defraud the United States. From the sentence entered upon the verdict the defendant (appellant) has appealed.

There are nine specifications of error. Of this number seven deal with claimed errors in the giving and refusing of charges. One claims error in overruling defendant's motion to suppress and exclude the written confession and one claims error in the exclusion of evidence.

We first examine the error relied upon which seems to us deserving of the most serious consideration: i. e., that the court erred in charging the jury that the burden of proof was upon the defendant to prove the confessions were not voluntary. The trial court charged the jury:

"The government, having offered the statements, must prove they were made; but the burden of proving that such statements or admissions were obtained by improper inducements or means in general, is upon the defendant.

"However, the defendant is not required to prove beyond a reasonable doubt that such statements or admissions were involuntarily made as that term is herein defined; but if from the whole evidence you have a reasonable doubt as to whether such statements or either of them were voluntarily made you must give him the benefit of the doubt and find the statement as to which you have such reasonable doubt to have been involuntarily made and disregard it."

To this charge the defendant made the following objection: "I object to the charge because it requires the defendant to assume the burden of proof that the confession was not voluntary."

The appellant here contends, and rightly so, that where, as in this case, there is a conflict in the evidence as to whether the confessions are or are not voluntary the burden of proof is upon the prosecution to prove to the court that the confessions were voluntarily made before they become admissible in evidence.

The general principles governing the admissibility of confessions are well established. The true test of admissibility in evidence is whether the confession was made freely, voluntarily and without compulsion or inducements of any sort. Wilson v. U. S., 162 U.S. 613, 623, 16 S.Ct. 895, 40 L.Ed. 1090. This is a question relating to the admissibility of evidence and is not a question of fact for the jury, but on the contrary is the duty of the court alone to hear and decide upon the evidence offered. Hopt v. Utah, 110 U.S. 574, 583, 4 S.Ct. 202, 28 L.Ed. 262; McCool v. U. S., 6 Cir., 263 F. 55; Wagner v. U. S., 5 Cir., 110 F.2d 595, 596. And where the evidence is conflicting, as here, it is for the jury. Hopt v. Utah, supra; Wilson v. U. S., 162 U.S. 613, at page 624, 16 S.Ct. 895,

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 495.

40 L.Ed. 1090; Litkofsky v. U. S., 2 Cir., 9 F.2d 877. However, this does not mean that a jury shall pass on the admissibility of evidence, but merely that the jury may reject the evidence if it disagrees with the court's original determination that it was voluntarily made. Perrygo v. U. S., 55 App.D.C. 80, 2 F.2d 181, 184; U. S. v. Lustig, 2 Cir., 163 F.2d 85, 89. And the burden is on the prosecution to establish that the confession was not obtained by improper means. Bram v. U. S., 168 U.S. 532, 555, 18 S.Ct. 183, 42 L.Ed. 568; Harrold v. Territory of Oklahoma, 8 Cir., 169 F. 47, 53–54, 17 Ann.Cas. 868; Litkofsky v. U. S., 2 Cir., 9 F.2d 877, 880; U. S. v. Walker, 2 Cir., 176 F.2d 564, 567; Cf Lambert v. U. S., 5 Cir., 101 F.2d 960, 964.

 Where, as here, the issue was raised as to whether the confessions were or were not voluntary the Court should have instructed the jury that the burden of proof was upon the government to prove that the confessions were voluntarily made. Instead the Court charged that the Government must prove that the confessions were made, but the burden of proving that such statements or admissions were obtained by improper inducements or means in general, was upon the defendant. This charge was clearly erroneous as was the qualifying language which immediately followed, reading: "However, the defendant is not required to prove beyond a reasonable doubt that such statements or admissions were involuntarily made as that term is herein defined."

It is true that in the next charge the jury was told to give the defendant the benefit of the doubt if from the whole evidence they entertained a reasonable doubt as to whether such statements or either of them were voluntarily made. But this latter instruction was in conflict with and wholly inconsistent with the previous charge that the burden of proof was upon the defendant to establish that the confessions were involuntary. Under the circumstances no portion of the charge can be said to be harmless if it did not state correctly and fully the law applicable to the crime, even though it may be said that in other por-

tions of the charge the correct rule was stated. Mills v. U. S., 164 U.S. 644, 646, 17 S.Ct. 210, 41 L.Ed. 584. When a jury is given two instructions, "one erroneous and prejudicial and the other correct, it is impossible to tell which one the jury followed and it constitutes reversible error." Nicola v. U. S., 3 Cir., 72 F.2d 780, 787. Because of the above errors in the court's instructions which affected the substantial right of appellant, the judgment must be reversed.

Our conclusion that it was error for the Court to charge as it did in respect to the burden of proof has made it unnecessary for us to determine whether appellant's other points present reversible error and we are relieved from examining the other assignments of error, except in so far as they present questions which are likely to arise on a new trial.

Appellant further complains of the following charge to the jury: "An indictment, of course, is no evidence of his guilt. It is simply the charge of the grand jury, brought for the purpose of apprising the defendant and the officers of the Court of the nature of the offense charged. *It has no further force or vitality until it is substantiated by competent evidence*" (Emphasis supplied.)

██ Appellant objected to that portion of the charge above emphasized and requested the Court to make clear to the jury that the indictment never has any force at all, whether it is substantiated by evidence or not. This the Court refused to do. It is clear that the appellant was correct in his contention that an indictment in and of itself is never evidence of the guilt of the accused and an inference to the contrary having been created by the charge, the appellant was entitled to have the court formulate a correct instruction that would meet defendant's objection. See Cooper v. U. S., 8 Cir., 9 F.2d 216, 226; U. S. v. Schanerman, 3 Cir., 150 F.2d 941; and see U. S. v. Marcus, 3 Cir., 166 F.2d 497, 504.

 Another error claimed is the reception in evidence of the written confession which defendant made to a secret

service agent at police headquarters before he had been presented to a committing magistrate. The appellant objects to the competency of this evidence on the ground that it was obtained in violation of the doctrine of McNabb v. U. S., 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, as expounded in Upshaw v. U. S., 335 U.S. 410, 69 S.Ct. 170, 93 L. Ed. 100. The uncontroverted evidence shows that the defendant was taken into custody at about 11:15 A. M. and prior to interrogation was fully informed of his constitutional right to remain silent and that anything he might say must be of his own free will and accord. After being so warned, he admitted his guilt, signed a written confession and was subsequently arraigned at about 2:00 P. M. The witnesses for the Government variously estimated the period of time which elapsed between arrival at police headquarters and defendant's admission of guilt was from thirty minutes to less than one hour; the defendant thinks it was nearer two hours. The Upshaw rule excludes confessions if they are obtained after the time has elapsed during which the accused should be arraigned as provided in Rule 5(a), Federal Rules of Criminal Procedure, 18 U.S.C.A., but we cannot on this record say that the confession was made during a period of unnecessary delay in taking the arrested person before a committing magistrate because there is no testimony whatever in the record to indicate that a magistrate was available before the confession was obtained, nor is the reason for the delay otherwise disclosed. The prosecution having made a *prima facie* showing that the confession was voluntary, the defendant, we believe, carried the burden of proving that Rule 5(a) was violated. U. S. v. Walker, 2 Cir., 176 F.2d 564; Cf Nardone v. U. S., 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307.

The remaining assignments do not merit separate consideration.

We think one further matter should be commented on, though not called to our attention by either side. It appears that appellant was sentenced to be imprisoned for eighteen months for the offense charged in the first count of the indictment and to be imprisoned for one year and one day for the offense charged in the second count of the indictment, the sentences to run consecutively. However, the execution of the sentence imposed under the second count was suspended and defendant was placed on probation under express conditions and terms, the period of probation to commence after the expiration of the sentence imposed under count one. Section 73 of 18 U.S.C.A., under which defendant was tried and sentenced, provides a punishment by fine of not more than $1,000 *and* imprisonment not more than ten years. It is the rule in the Federal courts that the judgment in a criminal case must conform strictly to the statute, and that any variation therefrom avoids the judgment. Egan v. U. S., 52 App.D.C. 384, 287 F. 958, 971; King v. U. S., 69 App.D.C. 10, 98 F.2d 291. In the instant case, inasmuch as there must be a new trial, this error is adverted to in order that it may possibly be avoided in the future.

For the errors pointed out the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judge WALLER participated in the hearing and decision of this cause, but died before the opinion was filed.