UNITED STATES of America, Plaintiff-Appellee,

v.

William Oliver JOHNSON, Defendant-Appellant.

No. 16962.

United States Court of Appeals
Seventh Circuit.

April 18, 1969.

Jerry P. Belknap, Jon D. Noland, Indianapolis, Ind., for defendant-appellant; Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., of counsel.

K. Edwin Applegate, U. S. Atty., Robert L. Baker, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

4. See Canon 3, ABA Canons of Professional Ethics; Canon 17, A.B.A. Canons of Judicial Ethics.

Before CASTLE, Chief Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

Defendant was indicted for storing and concealing a stolen 1965 Chrysler, knowing it to have been stolen, in violation of Section 2313 of the Criminal Code (18 U.S.C. § 2313). The jury returned a verdict of guilty, and defendant received a six-month sentence with 1½ years of probation to follow. The appeal is from this conviction.

According to the evidence, this automobile was stolen in Berkeley, California, in early November 1966. Ira Summers delivered the car to defendant in St. Louis. Summers testified that he asked defendant to give him $75 for the car and that defendant promised to pay that amount but never did so. Defendant drove the car from St. Louis to Indianapolis some time in November. He testified that he employed the car from his personal use, that it was stolen from him and later recovered. Although defendant intended to have the Chrysler repaired after its recovery, he first took the wheels off the car and placed it on blocks in January 1967 so that no one could take it out of his yard. Two Indianapolis police officers observed it there, arrested defendant and impounded the car.

After his January 12, 1967, arrest, defendant was twice questioned by FBI agents at the Indianapolis Police Department. At each of these 50-minute interviews, defendant signed inconsistent written statements. He refused to execute a written statement during a third interview in April 1967, but orally furnished the same information as in his second signed statement. On each of these three occasions, he executed a standard waiver of rights form.

Over defendant's objections, his two written statements and the three executed waiver of rights forms were admitted in evidence, and FBI agent Stuart was permitted to testify as to defendant's oral statements.

As grounds for reversal, defendant asserts that the trial judge should have conducted a preliminary hearing out of the presence of the jury as to the voluntariness of these statements. Defendant also assails the interstate commerce instruction and claims that there was inconsistency in the instructions relating to perpetration of the overt acts. We agree that a new trial is required.

*Necessity for Preliminary Evidentiary Hearing on Voluntariness of Defendant's Statements*

The principal error raised is the admission of the three statements made by defendant to FBI agents without a preliminary hearing and determination of voluntariness by the trial court, outside the presence of the jury. Although apparently not bringing Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205, to the trial court's attention, defendant's counsel did request such a preliminary hearing. The Government now concedes that the exculpatory statements introduced were subject to the same standards of voluntariness as confessions and that the failure to hold a hearing in order to make an initial determination of this question was erroneous and requires a remand. On the other hand, the Government opposes a new trial.

Our conclusion is that a new trial is necessary. To relegate defendant in the present case to a hearing on the issue of voluntariness of statements admitted in his trial almost four years after the decision in Jackson v. Denno would in effect make the protections afforded by that decision optional with the trial judge in future cases. Moreover, where, as here, the voluntariness of the statements has been raised on direct appeal in federal post-*Jackson* cases in which the defendant did not voluntarily testify prior to the Government's attempt to introduce the statements,[1] the Supreme Court in-

---

1. Compare United States v. Feinberg, 383 F.2d 60, 70 (2d Cir. 1967), certiorari denied, 389 U.S. 1044, 88 S.Ct. 788, 19 L.Ed.2d 836. In that case the court noted

tended to require a new trial, for it stated "It is both practical and desirable that in cases to be tried hereafter a proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence" (378 U.S. at p. 395, 84 S.Ct. at p. 1791). Jackson was not given a new trial because he had been convicted in a state court prior to the Supreme Court's new holding and was seeking collateral relief. *Id.*[2]

■ We cannot believe that the Supreme Court contemplated that defendants should continue to face the difficult choice of allowing such statements to go to the jury unchallenged or waiving the privilege not to testify in order to contest the voluntariness of the statements. Cf. United States v. Nielsen, 392 F.2d 849, 852 (7th Cir. 1968). Here the trial court's refusal to conduct a preliminary evidentiary hearing and to make a preliminary finding of voluntariness compelled defendant to make this choice. Defendant is entitled to a new trial at which the district court must conduct a preliminary hearing outside the presence of the jury on the issue of voluntariness.

*Adequacy of Interstate Commerce Instruction*

In the interest of eliminating doubt as to the validity of the challenged instructions on retrial, we examine the asserted errors. The trial court sent all given instructions to the jury for consideration during its deliberations. The first instruction repeated the words of the indictment which claimed that the Chrysler "was moving as interstate commerce" from Berkeley, California, to Indianapolis, Indiana, at the time defendant stored it and concealed it "on or about January 11, 1967." The ninth instruction quoted the pertinent part of Section 2313 of the Criminal Code proscribing the storage or concealment of a motor vehicle "moving as * * * interstate * * * com-

merce, knowing the same to have been stolen * * *."

The final reference to interstate commerce in the court's charge was contained in the tenth instruction, providing as follows:

"In order to warrant the conviction of the defendant under the indictment in this case, the government must prove beyond reasonable doubt by the evidence:

"1. That the vehicle described in the indictment was stolen;

"2. That the said motor vehicle was moving as interstate commerce from Berkeley, California to Indianapolis, Indiana;

"3. That the defendant stored and concealed the said motor vehicle in question;

"4. That the defendant, when he stored and concealed the motor vehicle described in the indictment, if he stored and concealed it, knew that it was stolen property."

Defendant did not object to these instructions but successfully moved to amend the tenth one to read "stored and concealed" where, as proposed by the Government, it said "stored and received." Defendant later tendered his own interstate commerce instruction providing:

"You are instructed that unless you find that the defendant actually stored and concealed the motor vehicle described in the indictment while it was moving in interstate commerce, knowing it to be stolen, you must find the defendant not guilty."

This proposed instruction was denied because the district court concluded it was already covered.

■ Defendant was not charged in the indictment with having stolen the Chrysler, nor with having transported it across state lines; the acts of concealing

in dictum that a remand might be all that is required in a post-*Jackson* case, but there Feinberg had independently chosen to take the stand prior to the admission of his statement.

2. See also Smith v. Texas, 395 F.2d 958, 962–963 (5th Cir. 1968); Fisher v. United States, 382 F.2d 31, 34–35 (5th Cir. 1967); Trotter v. Stephens, 241 F.Supp. 33, 48–49 (E.D.Ark.1965).

and storing the car in Indianapolis on or about January 11, 1967, are the gravamen of the crime charged. If the court had instructed the jurors that they could find the Chrysler was moving in interstate commerce from Berkeley, California, to St. Louis, Missouri, and no evidence had been adduced to show that the car was still in commerce on or about January 11 when defendant was discovered in possession of it in Indianapolis, defendant's proposed instruction certainly would have been necessary. It has been held that where the defendant is not shown to have stolen the car or transported it, and there is no proof as to when or where the car entered the state, it is error to refuse an instruction that the Government had the burden of showing that the car was in interstate commerce at the time of the alleged acts of concealment. McAdams v. United States, 74 F.2d 37, 39 (8th Cir. 1934); Davidson v. United States, 61 F.2d 250, 255 (8th Cir. 1932); Wolf v. United States, 36 F.2d 450, 452 (7th Cir. 1929). However, the proof in the present case was ample to permit the jury to conclude that defendant himself transported the car from St. Louis to Indianapolis, knowing it to have been stolen. As the defendant rightly observes, the question whether a stolen car was a part of interstate commerce at the time of the alleged offense must be submitted to the jury. Schwachter v. United States, 237 F.2d 640, 644 (6th Cir. 1956). In our view, the first, ninth and tenth instructions taken together sufficiently advised the jury that it could not find defendant guilty if the car was not still "moving as interstate commerce" from Berkeley, California, to Indianapolis, Indiana, at the time of the storage and concealment in Indianapolis.

Defendant urges that it was the theory of the defense that even if the car was in commerce in November when defendant first brought it into Indianapolis, it had come to rest by reason of its intervening use and the alleged theft and recovery of the car during the period between November 1966 and January 11, 1967. But the fact that one who transports a stolen car in interstate commerce allows it to remain in the state or fails to exercise control over the car for a period of time does not mean that a jury is required to find that the car was no longer moving in interstate commerce. United States v. Meek, 388 F.2d 936, 938 (7th Cir. 1968). The jury's guilty verdict found against the defendant on this issue, and he does not argue that its verdict was unsupported by the evidence. In the circumstances of this case, no prejudicial error occurred by reason of the court's refusal to give the interstate commerce instruction tendered by the defendant. However, at the new trial, a single instruction to the effect that the jury must find the car to be moving in interstate commerce at the time of the acts of storage and concealment would eliminate any possibility of confusion.

*Alleged Inconsistency in Instructions 6 and 10*

■ Instruction 10 charged that the Government must prove beyond a reasonable doubt that the defendant stored and concealed the Chrysler. Defendant concedes that this instruction "may have correctly charged the jury as to the law applicable to this case." However, defendant contends that the following Instruction 6, "in the abstract * * * a correct statement of the law," is inconsistent with Instruction 10:

"Every person who wilfully participates in the commission of a crime may be found guilty of that offense. A defendant need not personally perpetrate every act constituting the offense charged in order to be found guilty."

At the trial, defense counsel objected to Instruction 6 on the ground that it "would mislead the jury into thinking that the defendant need not be personally involved" and accordingly conflict with Instruction 10. Since Instruction 6 refers to wilful participation in the commission of the crime, it is not truly inconsistent with the statement in Instruction 10 that the Government must prove beyond a reasonable doubt "That the defendant stored and concealed the said

motor vehicle in question." Taken together, it is obvious that the defendant could be found guilty if he participated in the storage and concealment even though he did not personally perpetrate every act of storage and concealment. This accords with Section 2 of the Criminal Code (18 U.S.C. § 2) relating to principals. The verdict was proper whether the jury found defendant guilty because he personally perpetrated the storage and concealment or because he wilfully participated in it. Therefore, there was no reversible error in giving Instructions 6 and 10. But on retrial it would be desirable to give the jury more guidance as to the criminal liability of an aider and abetter if the evidence should warrant any instruction on this issue.

Jerry P. Belknap and Jon D. Noland of the Indianapolis bar were appointed to represent defendant here under the provisions of the Criminal Justice Act of 1964. They are to be complimented for the excellence of their services on this appeal.

Reserved and remanded for a new trial.