UNITED STATES of America,
Plaintiff-Appellant,

v.

Dick Duane JONES, George Carroll
Jones, Deborah Jones,
Defendants-Appellees.

No. 77–2277.

United States Court of Appeals,
Ninth Circuit.

Nov. 25, 1977.

Dale A. Danneman, Asst. U. S. Atty. (argued), Tucson, Ariz., for plaintiff-appellant.

Howard A. Kashman (argued), Tucson, Ariz., Jo Ann D. Diamos (argued), Tucson, Ariz., Harley D. Kurlander (argued), Tucson, Ariz., for defendants-appellees.

Before BROWNING, GOODWIN and KENNEDY, Circuit Judges.

**1316**

PER CURIAM:

■ The United States appeals from two orders of the district court dismissing a five count indictment. Counts I and II charged appellee Dick Duane Jones with transporting stolen firearms in interstate commerce in violation of 18 U.S.C. §§ 922(j) and 924. Appellee Dick Duane Jones moved for an order preventing the government from using at trial an inculpatory statement obtained from him by government agents. The trial court granted the motion on the ground that the government had failed to give written notice of its intention to use the statement at least fifteen days prior to trial, as required by Local Rule 86.* The government concedes that it offered no valid excuse for its failure to abide by the local notice rule. The rule would be meaningless if it could be ignored with impunity, Suppression of the statement was warranted.

■ On the date set for trial, the government moved for a continuance and, when it was denied, declined to proceed on counts I and II against appellee Dick Duane Jones. The district court then dismissed the two counts. The government argued that in view of the court's suppression of appellee's confession, it would have to rely on the testimony of co-defendants in order to prosecute these two counts. If the government decided *not* to appeal the dismissal of counts III-V, in which co-defendants were named, it could grant the co-defendants immunity and extract their testimony on counts I and II. But the government did not know whether it would be able to elicit the testimony of these co-defendants in light of their privilege under the fifth amendment because it had not yet decided whether to appeal the district court's prior dismissal of counts III–V.

Among other deficiencies in this argument, the government failed to provide the trial court with any notice of its inability to proceed until the very date set for trial. Upon inquiry by the trial judge, the government was then unable to articulate any acceptable justification for its delay in deciding whether to appeal. The court's trial calendar had long been set. Defendant was ready to proceed. Under the circumstances, it was not an abuse of discretion to deny the motion for continuance and dismiss counts I and II.

■ Counts IV and V of the indictment charged all three appellees with "unlawfully conceal[ing], stor[ing], and sell[ing] a stolen firearm . . . which was moving as, was a part of, and constituted interstate commerce from the State of Missouri to the State of Arizona; knowing or having reasonable cause to believe said firearm to have been stolen. . . ." in violation of 18 U.S.C. § 922(j). Count III charged appellees with conspiracy in violation of 18 U.S.C.A. § 371 based upon the violations set forth in Counts IV and V. The district court dismissed these three counts on motion under Rule 12(b), Federal Rules of Criminal Procedure, on the ground that the government's offer of proof established that the firearms were on longer moving in interstate commerce.

It is an essential element of the offense under 18 U.S.C. § 922(j) that the stolen firearms be in interstate commerce when the offense is committed. *United States v. Ruffin,* 490 F.2d 557 (8th Cir. 1974). We do not agree, however, that as a matter of law the weapons had come to rest in Arizona and therefore were no longer moving in interstate commerce when the crime occurred.

---

* Rule 86. CONFESSIONS AND ADMISSIONS.

Unless otherwise ordered, the United States Attorney, at least fifteen days prior to trial, shall give written notice to the defendant through his attorney of any and all written or oral confessions, admissions, or statements of the defendant which the government intends to use during the course of the trial.

Not less than ten days prior to the trial date, defendant's attorney shall, unless otherwise ordered, notify the Clerk and the United States Attorney of the objections, admissions, or statements. On receipt of the objections, the Clerk shall fix a time and place for hearing such objections and determining the admissibility of the alleged confessions, admissions, or statements.

There is no precise rule for determining when an interstate movement has come to an end. *United States v. Johnson,* 409 F.2d 861, 864 (7th Cir. 1969). The question is one of fact, to be determined by the jury. *Corey v. United States,* 305 F.2d 232, 236 (9th Cir. 1962); *Powell v. United States,* 410 F.2d 710, 712 (5th Cir. 1969). The jury could reasonably have inferred from the evidence that might have been presented by the government that the transaction was an essentially continuous one, beginning with receipt of the guns from the thief in Missouri as payment of a debt, including their transportation to and concealment in Arizona, and ending with their return to Missouri upon completion of negotiations for resale to the original owner. *See Schwacter v. United States,* 237 F.2d 640, 644 (6th Cir. 1956). *Booth v. United States,* 154 F.2d 73 (9th Cir. 1946), is not to the contrary, for we held only that it was error to instruct the jury that it might infer that stolen property was still a part of interstate commerce solely from unexplained possession of the stolen property in one state recently after theft in another state.

Affirmed in part, reversed in part.

