## UNITED STATES v. BRADLEY.

### No. 8860.

Circuit Court of Appeals, Third Circuit.
Argued July 23, 1945.
Decided Dec. 7, 1945.

George R. Sommer, of Newark, N. J., for appellant.

Vincent E. Hull, of Newark, N. J. (Thorn Lord, U. S. Atty., of Newark, N. J., on the brief), for appellee.

Before BIGGS, WALLER, and McLAUGHLIN, Circuit Judges.

BIGGS, Circuit Judge.

The appellant, Bradley, was indicted on a charge of aiding, abetting and counselling Silon to evade service contrary to the provisions of Section 11 of the Selective Training and Service Act.[1] The case was tried to a jury which found the appellant guilty as charged. He has appealed on the ground that certain testimony, admitted over his objection, was improper and prejudicial and that the court erroneously denied his motion to strike it from the record.

Bradley was personnel director of the Union Engineering Corporation. As such it was his duty to hire the employees of the company. Silon, the manager of a paint, hardware and mill-supply store, had registered with his Local Board pursuant to the provisions of the Selective Training and Service Act. He had been classified originally as 3-A but in February, 1944 he received a notice from the Board that it had reclassified him as 1-A. A member of the Board informed him that his business could not be deemed to be essential and that he should "get into production." Silon then went to Bradley at the engineering company's office and requested employment. Bradley advised him to get a Coast Guard pass and to return the next day.[2] Silon obtained a pass from the Coast

---

[1] See 50 U.S.C.A.App. § 311.

"Any person * * * who knowingly counsels, aids, or abets another to evade registration or service in the land or naval forces or any of the requirements of this Act, * * * or who in any manner shall knowingly fail or neglect to perform any duty required of him under or in the execution of this Act, or rules or regulations made pursuant to this Act, or any person or persons who shall knowingly hinder or interfere in any way by force or violence with the administration of this Act * * * shall, upon conviction in the district court of the United States having jurisdiction thereof, be punished by imprisonment for not more than five years or a fine of not more than $10,000, * * *."

[2] The Union Engineering Corporation is situated on the waterfront and all employees were required to have passes from the Coast Guard.

Guard on February 26, 1944. He went to see Bradley again and stated that he wanted a job as a "supervisor." Silon testified that he told Bradley that he, Silon, would have to have a letter to bring to his Local Board so that he could procure a deferment. Silon stated also that Bradley informed him that no supervisory positions were available but that he "would carry me as a painter until something came along for me."

It is undisputed that Bradley gave Silon a letter, set out below;[3] that Silon took this letter to his Local Board which thereupon classified him as 2-B. It is clear that Silon never did any work for the engineering company between February 26 and June 17, 1944 but that he was carried on the employment and payroll records of the company during that period. Silon testified that in fact he received no salary from the company during the period stated. Silon insisted that he acted in good faith and took the letter which Bradley gave him because he intended to be employed by the engineering company. Bradley testified that he never talked to Silon about the latter's status under the Selective Training and Service Act and that the letter was of the type he gave employees so that they could obtain credit.

In its case in chief the United States offered proof of transactions between Bradley and one Galkin, another registrant under the Act. The court rejected this offer. Bradley, however, testified in his own defense that he was guiltless of any intent to aid Silon to evade service. The United States thereupon attempted to cross-examine Bradley as to the nature of his transactions with Galkin. Bradley objected. In answer to the objection the Court ruled: "He [Bradley] has testified with regard to his intent. As bearing upon that and for that purpose only I will now let him show any similar transactions." An exception was allowed.

The United States then called Galkin as a witness on rebuttal. Galkin testified over the appellant's objection that he was a butcher by trade; that he had registered as required by the Act; that he went to see Bradley at the engineering company and asked him "if there was any opening there of any type of job" for him; that Bradley replied, "Sure"; that subsequently he, Galkin, was reclassified as 1-A by his Local Board; that he took the card showing his reclassification to Bradley who stated, "I will take care of the card," and that subsequently Galkin was classified as 2-B. Galkin testified that he also obtained a Coast Guard pass at Bradley's direction and authorized the withholding by the engineering company of a portion of his wages for income-tax purposes and for the purchase of war bonds. Galkin stated that he worked for the company for only one-half of one day but that in December, 1943 he received a war bond from the company. He stated that he spoke to Bradley about the bond and was informed by him that the bond was a present from the company. Galkin testified that he received war bonds from the company totalling $250 in face amount. He stated also that in March, 1944, Bradley told him to enter on his income-tax return as wages sums purportedly received from the engineering company but which he, Galkin, had neither earned nor received.

 We think it is clear that after Bradley testified as to his intent the appellee had the right to cross-examine him in respect to it. Galkin's testimony was admissible. See Wigmore, Evidence, Vol. II, Third Edition, §§ 302, 304, and the authorities therein cited. To prove criminal volition or wilfulness, proof of prior similar acts on the part of a defendant may be received. The decision of the Supreme Court in Johnson v. United States, 318 U.S. 189, 195, 63 S.Ct. 549, 552, 87 L. Ed. 704, is pertinent. Mr. Justice Douglas stated, "His [the defendant's] 'voluntary offer of testimony upon any fact is a waiver as to *all other relevant facts,* because of the necessary connection between all.' "

---

[3] Letterhead of the Union Engineering Corporation, 221 Hudson Street, Hoboken, New Jersey.

"February 26, 1944.

"To Whom It May Concern:

"This is to certify that Mr. Sidney Silon, Social Security Number 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, has this day been employed by the Union Engineering Corporation, Hoboken, New Jersey, in the capacity of ship's painter and decorator.

"This company is engaged in fulfilling contracts with the U. S. Navy, U. S. Maritime Commission, and the War Shipping Administration. In order to complete these contracts on time, we believe Mr. Silon's services will be quite valuable to us.

"Any consideration you may show him will be greatly appreciated by us.

"Union Engineering Corporation
"(s) C. E. Bradley
"Personnel Director"

See also the decision of this court in United States v. Fawcett, 3 Cir., 115 F.2d 764, 768, 132 A.L.R. 404, and such authorities as Little v. United States, 10 Cir., 73 F.2d 861, 96 A.L.R. 889 and Weiss v. United States, 5 Cir., 122 F.2d 675, certiorari denied 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550. The earlier decision of Lobosco v. United States, 2 Cir., 183 F. 742, is in point. Bradley's dealings with Galkin were so similar to his transactions with Silon that there can be no question as to the propriety of the questioned evidence.

No other point offered by the appellant requires discussion.

The judgment is affirmed.