UNITED STATES of America

v.

Vito PANEPINTO, Louis DeFranzo, John Morelli, Jr., Thomas Ludlow, Anthony William Baglino, John T. Spinella, Roland Warren, Daniel Guarino, David Robert Tronco, Ted Riviello, John Orangio, Jr., Ralph Falivino.

Appeal of Anthony William BAGLINO, in No. 17,529.

Appeal of David Robert TRONCO, in No. 17,530.

Appeal of John ORANGIO, Jr., in No. 17,531.

Nos. 17529–17531.

United States Court of Appeals, Third Circuit.

Argued April 24, 1970.

Decided Aug. 4, 1970.

---

Leon Miroff, Bayonne, N. J., for appellant Anthony William Baglino.

Albert J. Shea, Hoboken, N. J., for appellant David Robert Tronco.

Peter G. Banta, Hackensack, N. J., for appellant John Orangio, Jr.

Jerome D. Schwitzer, Asst. U. S. Atty., Frederick B. Lacey, U. S. Atty., Newark, N. J., John P. Nulty, Asst. U. S. Atty., on the brief, for appellee.

VAN DUSEN, Circuit Judge.

Defendants Baglino, Tronco and Orangio were convicted, after trial to a jury, of conspiracy and concealment of stolen goods that had been moving in interstate commerce, in contravention of 18 U.S.C. §§ 371 and 2315. The individual appeals of Tronco and Orangio, taken from the judgments of conviction entered on July 30, 1968, and of Baglino, taken from the judgment of conviction entered on August 2, 1968, were consolidated for purposes of argument and opinion.

The Government's chief witness was a co-defendant (Warren), who had entered a plea of guilty prior to trial. He testified that Baglino hired him, Tronco, Orangio and others to steal a truckload of clothing from New York City. Baglino

took Warren to Morelli's Jeep Yard in Weehawken, New Jersey, to show him where the truck was to be left. Then, after further instructions, Warren went with Tronco, Orangio and one other man to New York City to steal the truck. Tronco "jumped" a parked truck, drove it a few blocks, and accompanied Warren back to Morelli's Jeep Yard, where they were met by Baglino. The trailer was parked, the tractor taken to another area, and Warren paid by Baglino. There was testimony by several law enforcement officers placing Baglino at the Morelli Yard on the night before the theft and the day after the theft. Confessions by Tronco and Orangio, confirming Warren's story and admitting participation in the unloading of the stolen clothes into a shed on the Morelli lot, were introduced after appropriate Jackson-Denno hearings on the issue of voluntariness.[1]

Each defendant raises several procedural errors that are claimed to entitle him to reversal. We have carefully examined each contention, and find none meritorious.

*Baglino's Contentions*

The jury was selected in the presence of 10 of the 12 defendants named in the indictment. Subsequently, before trial was commenced, four defendants entered guilty pleas or had their cases severed. Baglino contends, without citation of authority, that he was, therefore, entitled to a mistrial. We find no error in the court's denial of this motion. Furthermore, the court avoided any possible prejudice by instructing the jury, on three different occasions, that they were to draw no "unfavorable inferences" from the absence of any of the co-defendants named in the indictment.[2]

Second, Baglino contends that the failure of the court to delete from Orangio's confession, as read to the jury, a reference to "blank's home in Jersey City" prejudicially identified him to the jurors.[3] See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).[4] We believe that the reference to Jersey City, a city with a population of some 275,000,[5] did not "pose a substantial threat"[6] that Bagli-

---

1. In this appeal, none of the defendants contends that there was insufficient evidence upon which a verdict of guilty could be based.

2. The first words spoken to the jury at trial were contained in this instruction: "Before we start I want to make one thing crystal clear and that is that in this case less than all the defendants named in the indictment are on trial. You are not, because of this, in any manner, shape or form to draw any unfavorable inferences against the defendants who are on trial and remain on trial in this case before you. The guilt or innocence of the defendants on trial must be determined by you only on the basis of the evidence produced here in open court and the law as I give it to you."

   After the court granted motions for judgment of acquittal by three of the defendants at trial, the jury was told that the "action has terminated" as to them, and the substance of the above instruction was repeated. We note that Baglino claims no prejudice from the elimination of these

three defendants from the case. Finally, a similar instruction was given in the second substantive paragraph of the court's jury charge.

3. Orangio's written confession was read to the jury with the substitution of "blank" for every name mentioned. The portion involved in this challenge read: "On Thanksgiving Day, late in the morning [about eight hours after the theft], blank came over to my house and said he wanted to help me unload the truck that was taken the night before. We picked up blank, and also blank, blank, blank, who were at blank's home in Jersey City."

4. The jury in this case, as in *Bruton*, was instructed that "[t]he admissions made * * * are evidential only against the person making them and not anyone else."

5. In 1960, the population of Jersey City was 276,101. U. S. Bureau of the Census, 1960 Census of Population for the State of New Jersey 32-16.

6. See Bruton v. United States, *supra*, at 137, 88 S.Ct. 1620.

no would be identified to the jury. United States v. Lipowitz, 407 F.2d 597, 602–603 (3rd Cir. 1969); see Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). In addition, the only mention of Baglino's residence to the jury came from his own testimony; [7] we will not allow him thus to manufacture prejudice that can subsequently be claimed as error.

■ Finally, Baglino claims that the summation of the Assistant United States Attorney was prejudicial. However, that summation must be taken in light of the preceding summation of Baglino's counsel. Baglino attempted to explain his presence at the Morelli lot on the night before the theft by testifying that he had been hired by the operator of that lot, John Morelli, Jr., as a night watchman. This is the story both he and Morelli had given in response to an inquiry by a policeman at that time. He further testified that his presence at the lot on the day after the theft was due to his collecting his wages. In his summation, defense counsel asked the jury why the Government had not called any witness to refute this story:

"* * * [The Government] already know that they have a witness [the policeman] * * * who is going to testify that Baglino told them, and he was confirmed by Morelli, that he was there to be a watchman. . . .

"Now, is that true or is it not true? Ladies and gentlemen of the jury, if that were not true, the United States government, with all its power, with its great FBI, with the right to call upon State Police and every other police department in the United States of America, could go out and check this thing to find out whether Mr. Baglino is telling the truth or not."

In view of this summation, the prosecutor was certainly justified in pointing out that Baglino also had the power to subpoena witnesses, including Morelli, Jr.,[8] to corroborate his story. E. g., United States v. Sober, 281 F.2d 244, 247 (3rd Cir. 1960).

### Tronco's Contentions

■■ Tronco contends that the admission of a statement by Warren that he had robbed another truck with the help of Tronco constituted reversible error.[9] We recognize that it is error to admit evidence of a defendant's prior criminal conduct, other than to impeach his credibility as a witness, where it is not introduced to show a common scheme. See United States v. Stirone, 262 F.2d 571, 576 (3rd Cir. 1958), rev'd. on other grounds, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). Despite the clear warning of the question preceding that which evoked the challenged response, however, no objection was made

---

7. Eight days after Orangio's confession was read to the jury, Baglino took the stand in his own defense. The significance of his lawyer's first question to him, asked perhaps out of careless conformity to routine, became apparent only at oral argument of this appeal:

"Q. [by Mr. Miroff] Mr. Baglino, where do you reside?
"A. 138 Leonard Street, Jersey City, New Jersey."

8. Defense counsel mentioned "Morelli, Jr." by name, in addition to the reference in the portion quoted above, at two other points in his summation. To suggest that "counsel for defendant Baglino did not at any time refer to John Morelli, Jr., as the witness the government could have produced" (Baglino brief at 10) seems to be

a narrow reading of the record. Defense counsel admitted that he had made no attempt to locate Morelli; there was also an unchallenged statement that Morelli maintained the same office at the time of trial as he had when Baglino allegedly contacted him for a job prior to the theft. Therefore, we also reject counsel's assertion that he was justified in believing that Morelli "was unavailable as a witness." (Baglino brief at 10).

9. The relevant testimony is as follows:

"Q. [by Baglino's counsel] And this Republic truck, was that with Panepinto?
"A. No.
"Q. Who was that with?
"A. That was with Tronco, [and another man] * * *."

to the question leading to the response. See note 9 *supra*. Indeed, no objection was made until the witness had been asked four more questions, and then there was only a general objection "to all of this testimony." F.R.Crim.P. 51 requires that objections be made at the time of the court's ruling and that they make "known to the court the action which [counsel] desires the court to take * * * and the grounds therefor." See, e. g., Harney v. United States, 306 F.2d 523, 525, 533–534 (1st Cir. 1962). Because the objection occurred well after the challenged testimony, it was incumbent upon counsel to make a specific request to strike; and a timely and specific objection was especially necessary in this situation to alert the court to the disagreement between two defense attorneys. The objection was neither timely nor specific, and therefore reversal is required only if "it is necessary to prevent grave miscarriages of justice." United States v. Carter, 401 F.2d 748, 750 (3rd Cir. 1968) ; F.R.Crim.P. 52(b). Because Warren later denied Tronco's participation and even their acquaintanceship prior to the theft involved in this case, we do not find such a necessity. To the contrary, the error was harmless. Harrington v. California, *supra*.

■ Secondly, Tronco contends that an FBI agent should not have been allowed to use a memorandum in his testimony concerning Tronco's confession. The agent testified that following his interview with Tronco he had taken his contemporaneously made notes and transcribed them into a memorandum, which was then checked for accuracy against the notes and the recollection of himself and another agent. The notes were then destroyed, pursuant to standard FBI procedure. There is no indication that the memorandum was used for any other purpose than to refresh the agent's recollection,[10] and this use is, of course, permissible. E. g., United States v. Riccardi, 174 F.2d 883 (3rd Cir. 1949) ; see Redfearn v. United States, 375 F.2d 767 (5th Cir. 1967).

Tronco's remaining contentions have been carefully considered and are rejected.

### Orangio's Contentions

■ Orangio first contends that the court erroneously ruled that the two statements given by him to the FBI were voluntary. The finding of voluntariness required the court to judge the credibility of the agent against that of Orangio; it chose to accept the agent's testimony, and we cannot say that that finding was erroneous.[11]

■ Orangio also contends that it was error for the court to fail to instruct the jury that it could not consider Orangio's confessions unless they specifically found that he had voluntarily waived his right to counsel. Such an instruction is not required by the Constitution, and we decline to impose it independently of the Constitution. In Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the Supreme Court held that a defendant had the right to have the voluntariness of his confession determined by the trial judge before the jury is permitted to consider it. This rule does not, however, *require* the court to submit the is-

---

10. The agent testified that, except for minor points, he would not need the memorandum to refresh his recollection. The court instructed him to testify without reference to the memorandum and to refer to it only if necessary. There is no indication that the memorandum was in fact used during the agent's testimony on direct examination.

11. There appears to be a suggestion in Orangio's brief that, absent the presence of counsel, there is an "impossibility of realizing an effective type of waiver" of constitutional rights during a pre-indictment interview. (Orangio brief at 13). If this argument is seriously pressed, we note simply that even post-indictment statements. given in the absence of counsel may be introduced if there is proof of a "clear, explicit, and intelligent" waiver of counsel. United States ex rel. O'Connor v. New Jersey, 405 F.2d 632, 636 (3rd Cir. 1969).

sue of voluntariness to the jury; it merely requires the judge to make "the primary determination of voluntariness." Sims v. Georgia, 385 U.S. 538, 544, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967); United States ex rel. Dickerson v. Rundle, 363 F.2d 126, 130 (3rd Cir. 1966). Because submission of the issue of voluntariness to the jury is not constitutionally required, see United States ex rel. Bennett v. Rundle, 419 F.2d 599, 609–611 (3rd Cir. 1970) (Stahl, J., concurring),[12] each Circuit is free to adopt or reject a rule requiring such submission.[13] Because the judge in this case did submit the issue of voluntariness to the jury,[14] we are not required to make such a rule and decline to do so in this case.[15]

■ Orangio cites no case and our research has not disclosed a case where, in addition to submitting the issue of voluntariness of the confession to the jury, a federal court has also required submission of the issue of voluntariness

12. The Supreme Court, in Jackson v. Denno, *supra*, distinguished the challenged "New York rule," under which the judge was required to submit the confession to the jury if there was merely a prima facie showing of voluntariness, from the "orthodox rule, under which the judge himself solely and finally determines the voluntariness of the confession." 378 U.S. at 378, 84 S.Ct. at 1781.

13. For example, the Fourth Circuit requires the issue of voluntariness to be submitted to the jury. United States v. Inman, 352 F.2d 954 (4th Cir. 1965). In the Fifth Circuit, submission of voluntariness is apparently left to the trial court's discretion.· Fisher v. United States, 382 F.2d 31, 35 (5th Cir. 1967). The Third Circuit has not yet ruled on this issue. Also see United States v. Anderson, 394 F.2d 743, 747 (2nd Cir. 1968).

14. The trial court's charge on this point was as follows:
"You will recall Agent Hokenstad's testimony to the effect that he advised Orangio before any statement was given that Orangio was going to be charged with crime and that Orangio was advised of his constitutional rights; that he did not have to give a statement; that if he did, it could be used against him in court; that before being questioned Orangio had the right to have a lawyer present; that if Orangio could not afford a lawyer one would be appointed for him, if he wished; that if he decided to answer questions without a lawyer being present he could stop answering questions at any time until he consulted with counsel.
"The agent testified that Orangio indicated he understood what his rights were and that before being questioned Orangio signed a waiver of right form. * * *
"Before you can consider the admissions made by Orangio * * * you must satisfy yourselves that they were voluntarily and intentionally made. * * *
"If the evidence in this case does not convince you beyond a reasonable doubt that the admissions made by Orangio were made voluntarily and intentionally, you are to completely disregard what was said by Orangio. * * *
"On the other hand, if the evidence in this case satisfies you beyond a reasonable doubt that the admissions made by Orangio were, in fact, voluntarily and intentionally made by him, free of threats, promises, pressure or coercion of any kind, then you should consider such admissions as evidence against the person who made them, namely, the defendant Orangio."

15. We note that the 1968 statute (enacted subsequent to the trial in this case) governing admission of confessions into evidence does not require that the issue of voluntariness be submitted to the jury. 18 U.S.C. § 3501(a) (Supp. V 1965–1969), provides:
"In any criminal prosecution brought by the United States * * * a confession * * * shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear revelant evidence on the issue of voluntariness and *shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.*" (Emphasis added.)
The trial judge repeatedly charged the jury that they were the sole judges of the credibility of the witnesses and of the weight to be given to the testimony.

of waiver of counsel as well.[16] Orangio was adequately protected by the trial court's necessary consideration of the waiver of counsel issue concomitant to its ruling that the confessions were voluntary.[17] We hold, therefore, that the submission of the specific issue of waiver of counsel to the jury was not required.

The judgments of conviction of Baglino, Tronco and Orangio will be confirmed.

---

16. In Jackson v. Denno, *supra*, 378 U.S., at 378–379, 84 S.Ct. 1774, the Supreme Court accepted the so-called "Massachusetts rule," under which the jury merely decides the voluntariness of the confession. In the Fourth Circuit, where submission to the jury is required, see note 13 *supra*, voluntariness of the confession is the sole issue. Mullins v. United States, 382 F.2d 258, 261–262 (4th Cir. 1967). Also see Kulyk v. United States, 414 F.2d 139, 142 (5th Cir. 1969); Bailey v. United States, 410 F.2d 1209, 1214 n. 6 (10th Cir. 1969); Ellis v. Fitzharris, 407 F.2d 799, 803 (9th Cir. 1969). There is, of course, nothing to prohibit a judge from instructing the jury on this issue if he wishes. See United States v. Ruth, 394 F.2d 134, 138 (3rd Cir. 1968).

17. The colloquy between the trial judge and the agent testifying to the confessions shows that the judge specifically satisfied himself that Orangio had voluntarily and knowingly waived his right to counsel.