**Ted Harvey HAWKINS, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

No. 29590.

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1970.

Newberg, "Orders in the Conduct of Class Actions: A Consideration of Subdivision (d)," 10 Boston College, Ind. & Com.L.R. 577 (1969).

Samuel P. Love, Jr., Shreveport, Court-Appointed Counsel, for defendant-appellant.

Ted Harvey Hawkins, pro se.

Donald E. Walter, U. S. Atty., R. Perry Pringle, Asst. U. S. Atty., for plaintiff-appellee.

Before RIVES and SIMPSON, Circuit Judges, and NICHOLS *, Judge of Court of Claims.

PER CURIAM:

This appeal is from a judgment of conviction for violating the Dyer Act, 18 U.S.C. § 2312, transporting or causing to be transported in interstate commerce a stolen motor vehicle, then knowing same to have been stolen. The appellant urges a reversal for one or more of six claimed errors, which we have considered both separately and as a whole and have found them insufficient to warrant reversal. A brief statement follows.

1. Failure of the district court to appoint counsel for the indigent defendant prior to the hearing before the United States Commissioner. The defendant was advised by the Commission-er of the nature of the charge against him and of his right to counsel and that, if he were unable to employ counsel, the court would appoint counsel to represent him. After such advice, the defendant voluntarily elected to execute a written waiver of that right as to the hearing before the Commissioner. Clearly the defendant had a right to waive counsel. 28 U.S.C. § 1654; Fed.R.Crim.P. 44; Roeth v. United States, 5 Cir. 1967, 380 F.2d 755; Lee v. State of Alabama, 5 Cir. 1968, 406 F.2d 466.

2. The refusal to allow defense counsel to personally examine each prospective juror upon voir dire. The district court has broad discretion in the conduct of the voir dire examination, and may itself conduct the examination of the prospective jurors. Rule 24(a), Fed.R.Crim.P.; 3 Wright Federal Practice & Procedure § 381. There is no showing that the district court refused to make proper inquiry or to ask any question submitted by the defendant or his attorney. There is no showing that the district court in any way abused its discretion.

3. The sufficiency of the evidence of the ownership of the vehicle and of the alleged theft. The record discloses that the evidence was ample and practically conclusive.

4. The claim that the district judge allowed statements to be made before the jury inferring that a confession had been made by the defendant. The special agent for the FBI got no further than to identify the defendant and testify that he talked to him after informing him of his constitutional rights when the judge excused the jury from the courtroom. Thereafter, in the absence of the jury the judge ruled that the claimed confession was not admissible in evidence. When the jury returned to the courtroom, the judge stated to the jury:

"The jury is to infer nothing against the Government or against the

---

* Honorable Philip Nichols, Jr., sitting by designation.

defendant by the Court having brought up this matter just a moment ago. You will completely disregard the fact that Mr. Kelley did interrogate the defendant." (Tr. 114.)

Certainly it would have been better practice for the judge to pass upon the admissibility of the claimed confession before the witness took the stand in the jury's presence. Under the circumstances of this case, however, we find no reason to believe that the jurors failed to obey the admonition of the court or that there was any error prejudicial to the defendant.

■ 5. Failure to grant the defendant's motion for judgment of acquittal. We find that there was sufficient evidence from which reasonable jurors could find beyond a reasonable doubt (1) that the car was stolen, (2) that the defendant transported it in interstate commerce, (3) that at the time of such transportation the defendant knew that the car had been stolen.[1]

■ 6. Claimed error of the court in instructing the jury as to reasonable doubt. There was no objection to the court's charge, as required by Rule 30, Fed.R.Crim.P. On this subject the court charged at length (see Tr. pp. 134, 135). The appellant criticizes the following sentence of the instruction: "Proof beyond a reasonable doubt is established if the evidence is such as you would be willing to rely and act upon in the most important of your own affairs." [2]

We need not decide whether that sentence, considered alone, was error, for clearly, when considered with the rest of the charge, it was neither prejudicial nor such plain error under Rule 52(b), Fed.R.Crim.P., as would warrant reversal of the judgment of conviction. The judgment is affirmed.

[1.] Those are the three elements of the offense charged. 18 U.S.C. § 2312; Moody v. United States, 5 Cir. 1967, 377 F.2d 175.

[2.] Appellant's counsel relies upon Scurry v. United States, 1965, 120 U.S.App. D.C. 374, 347 F.2d 468.