**UNITED STATES of America**

v.

**John TODARO, Appellant.**

**No. 19430.**

United States Court of Appeals,
Third Circuit.

Argued Jan. 29, 1971.

Decided Sept. 3, 1971.

James B. Magnor, New York City, for appellant.

Stephen M. Greenberg, Asst. U. S. Atty., Newark, N. J., for appellee.

Before FORMAN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

FORMAN, Circuit Judge.

Appellant, John Todaro, was tried by a jury and convicted in the United States District Court for the District of New Jersey on an indictment charging violations on one count under 18 U.S.C. § 1951,[1] and on a second under 29 U.S.C. § 186.[2] Appellant was sentenced to two

---

1. Section 1951 provides in pertinent part:

"(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts * * * so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.

"(b) As used in this section—
* * * * *

"(2) The term 'extortion' means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."

Subsection (b) (3) defines commerce to encompass interstate commerce.

2. Section 186 provides in pertinent part:

"(a) It shall be unlawful for any employer * * * or any person * * *

who acts in the interest of an employer to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value—

"(1) to any representative of any of his employees who are employed in an industry affecting commerce; or
* * * * *

"(b) (1) It shall be unlawful for any person to request, demand, receive, or accept, or agree to receive or accept, any payment, loan, or delivery of any money or other thing of value prohibited by subsection (a) of this section.
* * * * *

"(d) Any person who willfully violates any of the provisions of this section shall, upon conviction thereof, be guilty of a misdemeanor and be subject to a fine of not more than $10,000 or to imprisonment for not more than one year, or both."

years' imprisonment on the first count and one year on the second, the terms to run consecutively, and was fined $1,000 on each count.

The act which formed the basis of the verdict of guilty was appellant's attempt between January and March 1970 to secure " * * * $500 now, a little in June and July, and something before Christmas" from Henry Vernwald, an employee of Nash Janitorial Services, Inc. (hereinafter Nash), a corporation of the State of Washington engaged in interstate commerce. The attempt followed shortly after an award to Nash of a Government contract for the cleaning of a federal building in Newark, New Jersey. At that time appellant, a business representative in the maintenance division of the Teamsters Union Local 97, was engaged in negotiations with Mr. Vernwald for the employment of members of his union. Fearing economic loss if he failed to comply with appellant's demand, Mr. Vernwald delayed shipments of supplies from Philadelphia, Pennsylvania, and contacted the Federal Bureau of Investigation.

Principally, appellant challenges as prejudicial (1) a question asked by the District Judge on *voir dire*, (2) the presence of a copy of the indictment in the jury room during deliberations, and (3) the admission of the testimony of two witnesses. He assigns numerous additional errors which he claims deprived him of a fair trial. These were not objected to in the District Court, and are raised here for the first time.

■ The District Judge asked the jury on *voir dire* whether they could follow an instruction that a union official

" * * * *may be guilty* of a crime by merely demanding money from an employer, without any money changing hands." (Emphasis supplied.)

Appellant asserts that this question unfairly influenced the jury to his prejudice from the start.[3] In the context of the *voir dire*, where the District Judge had outlined the charges in the indictment shortly before asking this question, it amounted simply to a sounding of the jury's willingness to follow the provisions of the statutes. It was far from plain error and well within his discretion under Rule 24(a) of the Federal Rules of Criminal Procedure.[4]

■ Likewise, the District Judge did not err in allowing the jurors to have a copy of the indictment with them during their deliberations. This is a matter within the discretion of the District Judge, subject to a limiting instruction that the indictment does not constitute evidence, but is an accusation only.[5] We have examined the charge of the District Judge and find that he properly instructed the jury on this point.

Nor did the District Judge err in allowing two witnesses to testify over appellant's objections on the grounds of unfair prejudice and irrelevancy. First, Walter Hawzen, whose company held the contract immediately before it was awarded to Nash, was permitted to testify that his losing bid reflected an hourly wage base submitted to him by appellant, who represented his employees. After Nash was awarded the contract, he observed that appellant had agreed to a lower hourly rate from Mr. Vernwald, and when he demanded to know appellant's reason for this " * * * he [ap-

---

3. In the trial court appellant's objection was to the use of the phrase "is guilty," as proposed by the Government. The District Judge's language conformed to appellant's request.

4. See Hawkins v. United States, 434 F. 2d 738, 739 (5 Cir. 1970) ; United States v. Rabb, 394 F.2d 230, 233 (3 Cir. 1968) ; United States v. Bowe, 360 F.2d 1, 9 (2 Cir. 1966), cert. den. 385 U.S. 961, 87

S.Ct. 401, 17 L.Ed.2d 306 (1966) ; United States v. Lebron, 222 F.2d 531, 536 (2 Cir. 1955), cert. den. 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955).

5. United States v. Press, 336 F.2d 1003, 1016 (2 Cir. 1964), cert. den. 379 U.S. 965, 85 S.Ct. 658, 13 L.Ed.2d 559 (1965) ; United States v. Schanerman, 150 F.2d 941, 945 (3 Cir. 1945).

pellant] told me that I was selfish and I wanted all the profits for myself." This conversation took place a few minutes before appellant's alleged attempt to obtain the money from Mr. Vernwald. Appellant challenges it as irrelevant.

Following an offer of proof, Ralph Tessitore was permitted to testify next that appellant had approached him, and demanded that the recently established janitorial services agency in which only he and his brother-in-law were involved join the Teamsters Union. He stated that appellant " * * * made it quite clear that he controlled the State of New Jersey" and that if Mr. Tessitore did not join, he " * * * might wake up some morning and find (his) trucks smashed and all (his) equipment ruined. Of course, in the old days, people's families were hurt." Appellant challenges this testimony as inflammatory and prejudicial. Mr. Tessitore went on to relate that appellant demanded an "initiation fee" of $50 to be paid to him at Christmas. This testimony is attacked as irrelevant. The entire conversation took place about two months after the alleged attempt to secure money from Mr. Vernwald.

■ We agree with the Government's contention that the testimony of both witnesses had probative value, and was neither unfairly prejudicial nor irrelevant. We have affirmed in several cases the principle that evidence of both prior and subsequent acts is admissible if:

 " * * * stated in terms of the capacity of the evidence to prove some specific fact or issue such as intent, plan, scheme or design * * *. Evi-

dence of other offenses may be received if relevant for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime." [6]

In United States v. Carter [7] we stated that:

 "Evidence of other offenses, wholly independent of the one charged, is generally inadmissible. This rule is subject to some well-established exceptions, one of which * * * (is) * * * where the other offense is logically connected with that charged, or where the act is so closely and inextricably a part of the history of the guilty act itself as to form part of the common plan or scheme of criminal action."

We find that the testimony of Messrs. Hawzen and Tessitore falls within the meaning of the above-stated language and was relevant for the purpose of showing appellant's intent, design and *modus operandi*. We cannot find, on the other hand, that Mr. Tessitore's testimony, specifically his reference to appellant's statement concerning the practice of "hurting families" was inflammatory or unfairly prejudicial. It was said to have taken place "in the old days" and was remote from the actual threat. In addition, any potential error was cured by the District Judge's instruction that the testimony of these witnesses was relevant only in the consideration of appellant's intent, plan or scheme, and that they were to draw no other inferences from it.

■ Appellant's other objections, as mentioned previously, were not raised in the trial court,[8] and are presented here for the first time. In such circum-

6. United States v. Stirone, 262 F.2d 571, 576 (3 Cir. 1958), rev'd on other grounds, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960).

7. 401 F.2d 748, 749 (3 Cir. 1968), cert. den. 393 U.S. 1103, 89 S.Ct. 905, 21 L.Ed.2d 797 (1968). See Robinson v. United States, 366 F.2d 575, 578 (10 Cir. 1966), cert. den. 385 U.S. 1009, 87 S.Ct. 717, 17 L.Ed.2d 547 (1967); United

States v. Laurelli, 293 F.2d 830, 832 (3 Cir. 1961), cert. den. 368 U.S. 961, 82 S.Ct. 406, 7 L.Ed.2d 392 (1962); United States v. Klass, 166 F.2d 373, 377 (3 Cir. 1948); United States v. Bradley, 152 F.2d 425, 426 (3 Cir. 1945).

8. They include: (1) that the District Judge did not properly charge on "reasonable doubt" or on the element of "fear" necessary to prove extortion, (2) that *sua*

stances, we are limited by Rules 30 and 52 of the Federal Rules of Criminal Procedure to the consideration of defects which constitute plain error. This rule, however:

"* * * is appropriate only in exceptional cases where it is necessary to prevent grave miscarriages of justice or to preserve the integrity of the judicial proceedings." [9]

Nevertheless, we have reviewed the entire record, including the District Judge's fully stated instructions, and are convinced that the issues now raised by appellant did not affect his substantial rights or the fairness of the proceedings in the District Court, and require no further discussion.

The judgment of conviction will be affirmed.

*sponte* he should have instructed the jury that appellant's use of an alias at age 15 should have been disregarded by it; that the Government's case was not proved because no money changed hands, no work stoppage occurred, and Vernwald's testimony was uncorroborated, (3) that evidence of a taped telephone conversation between Mr. Vernwald and appellant should have been ruled inadmissible, even though at the trial appellant stipulated its admissibility.

9. United States v. Carter, *supra*, 401 F.2d note 7, at 750. See United States v. Phillips, 431 F.2d 949, 950 (3 Cir. 1970); United States v. Panepinto, 430 F.2d 613, 617 (3 Cir. 1970), cert. den. Orangio v. United States, 400 U.S. 949, 91 S.Ct. 258, 27 L.Ed.2d 256 (1970); United States v. Lawson, 337 F.2d 800, 807–808 (3 Cir. 1964), cert. den. 380 U.S. 919, 85 S.Ct. 913, 13 L.Ed.2d 804 (1965); United States v. Kravitz, 281 F.2d 581, 587 (3 Cir. 1960), cert. den. 364 U.S. 941, 81 S.Ct. 459, 5 L.Ed.2d 372 (1961).