UNITED STATES of America,
Plaintiff-Appellee,

v.

John LUCZYSZYN and Michael J.
Yanni, Defendants.

Appeal of Michael J. YANNI, Appellant.

No. 71–1453.

United States Court of Appeals,
Third Circuit.

Submitted Dec. 10, 1971.

Decided Jan. 17, 1972.

M. Gene Haeberle, Camden, N. J., for appellant.

D. William Subin, Asst. U. S. Atty., Camden, N. J. (Herbert J. Stern, U. S. Atty., Newark, N. J., on the brief), for plaintiff-appellee.

Before McLAUGHLIN, ALDISERT and JAMES ROSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellant Yanni and John Luczyszyn were convicted of wilfully aiding, etc., Marvin Reid in violation of 26 U.S.C. § 7206(2) in that they aided, etc., Reid in the presentation to Garden City Racing Association, Camden, New Jersey, of a Form 1099 which falsely named said Reid as the owner of a winning Big Exacta ticket in a race held at said racing association, May 9, 1969. Yanni was sentenced to pay a fine of one thousand dollars and given probation for a period of three years. His appeal is from that conviction and sentence.

Two points are asserted on his behalf. The first is that the trial court erroneously admitted certain testimony. The second contention claims that certain other testimony was erroneously admitted.

The first point deals with evidence given by Special United States Treasury Agent Roche. The latter testified that on May 1, 1969, he saw Yanni at said track with Luczyszyn on several occasions. There was no objection by counsel for Yanni regarding that testimony or any objection to it. Actually there was no evidence by any witness of prior criminal conduct on the part of Yanni. The observations of Agent Roche on May 2, 1969, were not allowed in evidence following objection to same by attorney for appellant. There was no

request to charge regarding the Roche evidence by Yanni's attorney or any objection by him to the court's charge to the jury. There was nothing whatsoever presented by the witness Roche which was plain error or which warranted reversal. United States v. Carter, 401 F. 2d 748 (3 Cir. 1968), cert. denied, 393 U.S. 1103, 89 S.Ct. 905, 21 L.Ed.2d 797 (1969); United States v. Conversano, 412 F.2d 1143, 1149 (3 Cir. 1969), cert. denied, 396 U.S. 905, 90 S.Ct. 219, 24 L. Ed.2d 181 (1969).

Though the above properly disposes of the contention on behalf of appellant, it should be noted that the Roche testimony under the particular facts did indicate intent, plan, scheme or design with respect to the fraudulent cashing of the Big Exacta ticket. *See* United States v. Todaro, 448 F.2d 64 (3 Cir. 1971); United States v. Panepinto, 430 F.2d 613 (3 Cir. 1970), cert. denied, Orangio v. United States, 400 U.S. 949, 91 S.Ct. 258, 27 L.Ed.2d 256 (1970); United States v. Carter, *supra*.

The remaining argument for appellant has to do with the trial evidence of Special Treasury Agent Spielberger. The latter was asked in cross-examination: "But you don't know what Mr. Reid cashed at the window, do you honestly?" The witness stated that there was no doubt in his mind what Reid had cashed and started to outline his reasons. Yanni's attorney objected. The trial judge permitted the witness to answer the question of the co-defendant's lawyer. The witness did some explaining at length how the fraud was perpetrated. That answer was never objected to by Luczyszyn's attorney. The answer plainly was not speculative. It was the experienced conclusion of the witness from his personal observation and rightly admissible. United States v. Alexander, 415 F.2d 1352 (7 Cir. 1969), cert. denied, 397 U.S. 1014, 90 S.Ct. 1246, 25 L.Ed.2d 427 (1969).

On all the evidence we find that the case was soundly and fairly tried before Judge Kitchen and a jury in the district court. The judgment of the district court will be affirmed.