COMMONWEALTH *vs.* JOHN GLOVER. February 16, 1984. *Practice, Criminal*, Mistrial. *Evidence*, Judicial discretion.

The appeal is from a conviction of aggravated rape. G. L. c. 265, § 22(*a*), as appearing in St. 1980, c. 459, § 6. 1. The sole codefendant was allowed to plead guilty out of the presence of the jury and was excused from further participation in the trial at some point following the prosecutor's opening statement, which was made just prior to the commencement of the weekend recess, and the time when the jury were brought in on the following Monday morning. There was no abuse of discretion or other error of law in the judge's refusal to declare a mistrial. The instructions given to the jury (which were not objected to) were adequate to protect the defendant's rights in the circumstances. *United States* v. *Panepinto*, 430 F.2d 613, 615 (3d Cir. 1970). *United States* v. *McCambridge*, 551 F.2d 865, 872 (1st Cir. 1977). Compare *Commonwealth* v. *Connearney*, 359 Mass. 200, 205 (1971); *Commonwealth* v. *Clark*, 5 Mass. App. Ct. 673, 675-677 (1977). 2. The victim's direct testimony as to the defendant's possession of a gun and as to his invitation to her to join him in using it was relevant to the victim's frame of mind, particularly with respect to whether she should attempt to resist a sexual advance by the defendant. Compare *Commonwealth* v. *Chalifoux*, 362 Mass. 811, 815-816 (1973). The judge did not abuse his discretion in determining that the evidence was more probative than prejudicial. *Commonwealth* v. *Deschamps*, 1 Mass. App. Ct. 1, 2-4 (1972). The further questions on the redirect examination of the victim were justified by the questions which had been asked and answered on cross-examination. We note that the prosecutor made nothing of any of the disputed evidence in her closing argument and that it does not appear that the judge was asked to deal with the evidence in his charge. See *Commonwealth* v. *Bradshaw*, 385 Mass. 244, 270 (1982). 3. The arguments addressed to the judge's treatment of the motion in limine are disposed of by the holding in *Commonwealth* v. *Riley, ante* 950, 952 (1983).

*Judgment affirmed.*

*Maureen B. Brodoff* for the defendant.

*Robin A. Pearl (Judy G. Zeprun*, Assistant District Attorney, with her) for the Commonwealth.