NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-1238

UNITED STATES OF AMERICA

v.

AKINTUNDE CRAWFORD
also known as
RAHEEM

Akintunde Crawford,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 06-cr-00234-001)
District Judge: Honorable Bruce W. Kauffman

Submitted Under Third Circuit LAR 34.1(a)
March 25, 2010

Before:  RENDELL, FUENTES and CHAGARES, Circuit Judges.

(Filed: April 15, 2010)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Defendant/appellant Akintunde Crawford raises one issue on appeal from his

conviction for wire fraud and aggravated identity theft: whether the District Court abused its discretion under Federal Rule of Evidence 404(b) when it admitted evidence that Crawford possessed numerous fraudulent identification documents. We conclude that the District Court did not abuse its discretion in admitting this evidence under Rule 404(b) and will affirm Crawford's conviction.

**I.**

Since we write only for the benefit of the parties, we state only those facts necessary as background. In August 2004, Crawford is alleged to have purchased a black 2003 Hummer at Tri-State Auto in Philadelphia using the name of Michael Bell, an actual person. Crawford is also alleged to have obtained a loan for the Hummer in Bell's name, although without Bell's permission. The loan package included an application purportedly completed and signed by Bell, a sales contract signed with the name "Bell," a list of references, and a credit application for Bell. The address for Michael Bell listed on the documents was actually the address of Crawford's sister. A Pennsylvania driver's license in the name of Michael Bell—which had Crawford's sister's address and a photograph of an unknown male (neither the actual Michael Bell nor Crawford)—was also submitted. In February 2005, the owner of Tri-State Auto became suspicious that the transaction was fraudulent and repossessed the car. At trial, Crawford denied purchasing the vehicle and applying for and taking out a loan for it in Bell's name, and he testified that he did not provide the fake driver's license in Bell's name. (App. 327-28.)

2

In November 2005, federal agents executed a search warrant at Crawford's business, Rah's Fashion Boutique. Agents found numerous passport photos of different individuals, fraudulent driver's licenses, multiple copies of the same driver's license, and a computer disc containing an image of a fraudulent Delaware driver's license bearing Crawford's photograph but with the name "David London." (App. 296-301.) Agents also found a copy of the consignment agreement between Crawford and Tri-State Auto for a Buick in Crawford's possession, and a copy of the credit application for Michael Bell that was identical to the one submitted to Tri-State Auto. (App. 269, 271, 346.)

On May 16, 2006, a grand jury returned a two-count indictment charging Crawford with wire fraud and aiding and abetting in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2 (Count 1), and aggravated identity theft and aiding and abetting in violation of 18 U.S.C. § 1028A(a)(1)(c)(5) and 18 U.S.C. § 2 (Count 2).[1]

Prior to trial, the government filed a trial memorandum alerting the District Court to a potential dispute over the admissibility of evidence regarding the items recovered from Crawford's business,[2] but taking the position that the evidence recovered was

---

[1] On July 26, 2006, in an indictment distinct from the one in this case, Crawford and nine other individuals were charged with bank fraud and identity theft. These charges were based, in part, on the fraudulent identification documents recovered in the search of Crawford's business. This case was docketed as Criminal No. 06-377, and, after proceeding to trial, Crawford was convicted of those offenses on September 9, 2007.

[2] There was also a dispute over the admissibility of the anticipated testimony from Laila Loukhnati. Loukhnati's testimony was allowed, but Crawford does not appeal that ruling.

3

admissible under Rule 404(b).[3]  Crawford filed a motion in limine to exclude the

evidence.  The District Court heard argument on Crawford's motion immediately prior to

the start of the trial on October 20, 2008.  The District Court denied Crawford's motion

without prejudice, stating that it needed to hear additional evidence in the case in order to

weigh the probative value of the evidence against its prejudicial effect.  (App. 36-37.)

The District Court revisited the issue after hearing opening statements and the testimony

of the first witness, allowing additional argument on the Rule 404(b) issue.  (App. 97-

113.)  The District Court then concluded that the evidence was admissible under Rule

404(b) to prove "motive, opportunity, intent, plan, knowledge, and so forth."  (App. 113.)

The trial then continued and the jury convicted Crawford of both charges.  On January 14,

2009, the District Court sentenced Crawford to forty-one months' imprisonment for

Count One, and a consecutive twenty-four months' imprisonment for Count Two.

Additionally, the District Court imposed a five-year period of supervised release and a

special assessment of $500.  Crawford filed a timely notice of appeal.[4]

## II.

Crawford contends that the District Court abused its discretion in admitting the

---

[3] Rule 404(b) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b).

[4] We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291.

fraudulent identification documents under Rule 404(b).  The District Court's decision to admit evidence under Rule 404(b) is reviewed for an abuse of discretion, and may only be reversed when it is clearly contrary to reason and  unjustified by the evidence.  *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001).

We apply a four-part test to determine admissibility under Rule 404(b):  (1) the evidence must be relevant; (2) it must be offered for a proper purpose; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted.  *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).

Crawford contends that the evidence in question fails each part of the four-part test.  First, Crawford argues that because the evidence in question was seized in November 2005, it could not be relevant to the crimes charged, which are alleged to have taken place in August 2004, and thus could not be admitted for a proper purpose.  Additionally, Crawford argues in the alternative that even if the evidence was relevant, the prejudice to Crawford far outweighed any probative value, at least in part because the evidence in question constituted cumulative evidence.  Finally, Crawford contends that no curative instruction to the jury could prevent confusion and the resulting prejudice.  We disagree with Crawford with respect to each point.

### a. Relevance

Evidence is relevant if it has the "tendency to make the existence of any fact that is

5

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Thus, in assessing whether the fraudulent documents found at Crawford's place of business are "relevant," we must consider the particular charges brought against Crawford.

Crawford was charged with wire fraud under 18 U.S.C. § 1343, which provides, in pertinent part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

Crawford was also charged with aggravated identity theft under 18 U.S.C. § 1028A, which provides, in pertinent part, that:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

*Id*. at § 1028A(a)(1).

The government contends that the items seized from Crawford's business met the threshold test for relevance, because they support the inference that Crawford had the knowledge and intent to supply the false driver's license in Bell's name, and that he

6

knowingly and intentionally devised and effectuated the fraudulent scheme. The government notes that it was their burden to establish that Crawford "knowingly" transferred, possessed, or used without lawful authority a means of identification of another person under 18 U.S.C. § 1028A, and that intent and planning are relevant under 18 U.S.C. § 1343. Crawford argues that the fraudulent documents seized could not be relevant, because they were seized after the crimes were alleged to have taken place.

We reject Crawford's argument and agree with the government. The mere fact that the evidence was recovered after the crime was alleged to have been committed does not settle the issue of whether the evidence is relevant. Indeed, evidence obtained after a crime is committed can demonstrate that an individual knew how to do something, or that, as in this case, the individual may have committed the very crime alleged. *See, e.g.*, *United States v. Todaro*, 448 F.2d 64 (3d Cir. 1971); *United States v. Laurelli*, 293 F.2d 830 (3d Cir. 1961). Additionally, there is no evidence that the documents found in Crawford's business were *created* subsequent to the acts alleged in this case, only that they were *discovered* after those acts. Here, among the evidence obtained were materials that could be used to create fraudulent licenses, actual fraudulent licenses, and a copy of a credit application that was identical to the one that was allegedly fraudulently submitted. Such evidence is clearly relevant. The District Court did not err in so finding.

### b. Proper Purpose

Even if relevant, to be admissible under 404(b), evidence must be offered for a

7

proper purpose, and not simply "to prove the character of a person" is such that they engage in wrongful or illegal activity. Fed. R. Evid. 404(a). Proper purposes include demonstrating "preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

The government contends that the evidence was offered to show Crawford's preparation, plan, knowledge, absence of mistake or accident, and opportunity with respect to the fraudulent use of Bell's name and information to purchase the vehicle. We agree. Crawford testified at trial that he did not use Michael Bell's identity or a fraudulent license in Michael Bell's name to acquire the vehicle. (App. 327.) He also suggests that his involvement in acquiring the vehicle associated with Michael Bell's name was the result of confusion or mistake. (App. 333-35, 352.) He also denied having fraudulent identifications, or the materials to make them, in his place of business. (App. 348-49.) Given this, the government had a proper purpose in introducing this evidence to establish preparation, plan, knowledge, absence of mistake or accident, and opportunity, as the District Court concluded.

### c. Probative Value Must Outweigh Unfair Prejudice

Under Rule 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. We acknowledge that

8

when assessing a Rule 403 argument, the trial judge must balance both the probative value of, and the need for, the relevant evidence against the harm that will likely arise from admitting the evidence. *Government of Virgin Islands v. Felix*, 569 F.2d 1274, 1280 (3d Cir. 1978). The need for the evidence depends mainly on its relative importance and centrality to the issues of the case and the availability of other evidence to establish the facts sought to be proven. *United States v. Guerrero*, 803 F.2d 783, 786 (3d Cir. 1986). Factors for determining whether evidence is unduly prejudicial include: the tendency of the alleged conduct to lead to a decision on an improper basis; the nature or style of the witness's testimony; the probability that the testimony is true; the sufficiency of the other evidence submitted to reasonably tie the defendant to the crime alleged and whether the evidence inflames the jury. *Id.* Due to the careful balancing of subjective reasons, we would only reverse for an abuse of discretion, and not merely because we would have decided the matter differently. *United States v. Long*, 574 F.2d 761, 767-68 (3d Cir. 1978).

Here, Crawford claims that the fraudulent documentation evidence is unduly prejudicial, because it will lead a jury to believe that Crawford was likely to commit the crime at issue. Crawford does not, however assert particularly how the prejudice outweighed the evidence's probative value. The evidence that Crawford possessed other false identification documents, in addition to documents identical to those submitted as part of the Michael Bell loan application, is probative, and is not directly supported by any

other piece of evidence. All evidence admitted against Crawford could be said to be prejudicial, but in order to be inadmissible the evidence must be more prejudicial than it is probative. And to be truly prejudicial, it must distract, sway, divert, or inflame. Crawford has failed to show that any prejudice caused by the evidence outweighs its relevance.

Crawford also claims that the evidence was cumulative. This argument has no merit. No other evidence established the fact that Crawford possessed these fraudulent identification documents, or that Crawford possessed documents identical to those submitted as part of the Michael Bell loan application.

### d. Limiting Instruction

Finally, Crawford argues that the limiting instruction to the jury was inadequate, essentially urging that no limiting instruction would be adequate. We disagree, finding that the limiting instruction given to the jury was proper.

"We exercise plenary review over whether the District Court correctly stated the law, and consider 'whether the charge, taken as a whole, properly apprise[d] the jury of the issues and the applicable law.'" *United States v. Kemp*, 500 F.3d 257, 281 (3d Cir. 2007) (quoting *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 245 (3d Cir. 2006)). In *Huddleston*, the Court held that the trial court must instruct the jury to consider the evidence only for its limited purposes, and not to draw any other inferences of bad character from it. *Huddleston*, 485 U.S. at 691-92.

Here, the District Court instructed the jury to consider the evidence only for:

10

> [T]he purpose of deciding whether the defendant had the state of mind, knowledge, or intent necessary to commit the crimes charged in the indictment, was preparing or planning to commit the acts charged in the indictment, or did not commit the acts for which the defendant is on trial by accident or mistake. Do not consider this evidence for any other purpose.

(App. 383.)

The instruction properly stated the law pertaining to Rule 404(b) by making it clear that the evidence may only be considered for proper purposes, such as establishing knowledge and intent. Crawford fails to point out any flaw in the instruction. Accordingly, we find that the instruction was proper and that the District Court correctly stated the law.

### III. Conclusion

For the foregoing reasons, we find no abuse of discretion and will affirm the District Court's ruling.